**Ex parte Mark Andrew ELLIOTT.**

**No. 01–90–00193–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 14, 1991.

John B. Holmes, Jr., Harris Co. Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., for appellant.

L.H. Stewart, Houston, for appellee.

Before SCHNEIDER, COHEN and DYESS [1], JJ.

OPINION

COHEN, Justice.

This is an appeal from an order granting expunction of criminal records, under TEX. CODE CRIM.P.ANN. art. 55.01.[2]

---

**1.** The Honorable Arthur D. Dyess, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment. TEX.GOV'T CODE ANN. § 75.003 (Vernon Supp.1991).

**2.** Act of June 13, 1979, 66th Leg., R.S., ch. 604, 1979 Tex.Gen.Laws 1333, *amended by* Act of June 15, 1989, 71st Leg., R.S., ch. 803 § 1, 1989 Tex.Gen.Laws 3666 (hereinafter Article 55.01).

On June 12, 1982, Mark Andrew Elliott was arrested and charged with burglary of a building. Two days later, Elliott waived indictment, and the cause proceeded on a felony information. Elliott waived a jury and pled guilty. The trial court found that the evidence substantiated Elliott's guilt, but it deferred adjudication of his guilt and placed him on probation for three years. On January 11, 1984, the trial court granted an early termination of the deferred adjudication and dismissed the cause of action.

In February 1989, Elliott filed a petition to expunge all records of his arrest. The Harris County District Attorney, the Harris County District Clerk, and the Harris County Sheriff filed general denials. After a hearing, the trial court ordered expunction. From this order, only the Harris County District Attorney has appealed.

In his sole point of error, the district attorney contends that Elliott offered no evidence to satisfy the three requirements for expunction.

Article 55.01 provides that a person charged with a felony is entitled to expunction if three conditions are met:

(1) an indictment or information charging him with commission of a felony has not been presented against him for the offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(2) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was not court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes); and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

Expunction is available only when all the statutory conditions have been met. *Texas Dep't. of Pub. Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ). Because expunction is a civil proceeding, the petitioner has the burden of proving his entitlement. *Harris v. State*, 733 S.W.2d 710, 711 (Tex.App.—San Antonio 1987, no writ).

Here, an information was filed by the proper officer, in the proper court, charging Elliott with burglary. This constitutes presentment. TEX.CODE CRIM.P. ANN. art. 12.07 (Vernon 1977). Presentment does not require presentation to a grand jury, as Elliott contends. Therefore, Elliott must prove that the felony information was dismissed because it was presented due to mistake, false information, lack of probable cause to believe that Elliott committed the offense, or because it was void. The record shows, however, that Elliott's felony information was not dismissed for these reasons, but because he completed the terms of the deferred adjudication probation. A petitioner is not entitled to expunction merely for completing a deferred adjudication probation and obtaining the consequent dismissal. *State v. Gamble*, 692 S.W.2d 200, 202 (Tex.App.—Fort Worth 1985, no writ). There is no evidence that Elliott met the requirements in paragraph one of article 55.01. Therefore, it was error for the trial court to order expunction.

Point of error one is sustained.

Only the Harris County District Attorney is entitled to relief because only he has appealed. We can grant relief only by sustaining a point of error in an appellant's brief. *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990); *San Jacinto River Authority v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990). Except for the Harris County District Attorney, we have no point of error, no appellant's brief, and no appellant.[3]

---

**3.** A different result is not required by *Texas Department of Public Safety v. Wiggins*, 688

The judgment is reformed to delete any relief ordered by the trial court against the Harris County District Attorney, the only party who appealed. As reformed, the judgment is affirmed.

SCHNEIDER, J., not participating.

S.W.2d 227, 229–30. In *Wiggins,* every party who answered in the trial court, i.e., the Department of Public Safety and the El Paso Police Department, pursued an appeal. *Id.* at 229. The opinion does not state that the trial court granted relief against any other party who did not appeal. Thus, the *Wiggins* court could ren-

der a take-nothing judgment because all parties adversely affected by the trial court's order were apparently present on appeal. If the *Wiggins* court, in fact, granted relief on appeal to parties who did not appeal, it ruled contrary to the rule in *Vawter* and *San Jacinto River Authority.*