TEXAS DEPT. OF PUBLIC SAFETY, Appellant,

v.

Judd Jamison KATOPODIS, Appellee.

No. 01–94–00198–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 6, 1994.

John C. West, Jr., Paula Kay Logan, Austin, for appellant.

J. Gordon Dees, Houston, for appellee.

Before HEDGES, COHEN and WILSON, JJ.

## OPINION

HEDGES, Justice.

The Texas Department of Public Safety (DPS), appeals the trial court's order expunging the criminal records of appellee, Judd Jamison Katopodis. We reverse the judgment of the trial court and render judgment in favor of DPS.

**Facts**

Appellee was arrested and indicted for the felony offense of delivery of anabolic steroids. He filed a motion to quash the indictment on the grounds of entrapment, and the motion was set for hearing. Before the hearing, the District Attorney agreed to not proceed with the case and to not oppose the expungement of appellee's criminal records. In exchange, appellee agreed to pretrial intervention, although he was never required to sign any pretrial intervention agreement, perform community service, undergo court supervision, or undertake any other type of obligation. In its motion to dismiss appellee's indictment, the District Attorney states that the dismissal was granted because pretrial diversion was successfully completed.

Appellee then filed his petition to expunge his criminal records. The petition was served on the Fort Bend County Sheriff's Department, the DPS, the Fort Bend County District Attorney's Office, the Fort Bend County District Clerk, and the Federal Bureau of Investigation. Only DPS filed an answer and appeared at the hearing to oppose expunction.

At the hearing, appellee testified that charges against him grew out of an incident at the health club at which he was working. Someone there asked him to sell anabolic steroids. He also testified that he had never been arrested before this incident. He planned to graduate from Stephen F. Austin State University in 1995. His counsel argued that the District Attorney's agreement was expressly conditioned upon appellant not going forward in the criminal case with the motion to quash the indictment on the basis of entrapment. Counsel for DPS argued that it was not bound by an agreement between the District Attorney's office and appellee, and that DPS had the right to chal-

lenge his entitlement to expunction. The court ordered expunction of appellee's criminal records and entered judgment accordingly.

## Expunction under Article 55.01

■ Upon fulfillment of certain prescribed requirements, criminal records arising from a single arrest can be expunged. Article 55.01(a)(2)(A) provides:

> (a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> (2) each of the following conditions exist:
>
> (A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment charging him with commission of a felony was presented, it has been dismissed *and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause* at the time of the dismissal to believe the person committed the offense or because it was void. . . .

TEX.CODE CRIM.P.ANN. art. 55.01(a)(2)(A) (Vernon Supp.1994) (emphasis added).

■ A statutory expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statutory conditions rests solely with the petitioner. *Smith v. Millsap*, 702 S.W.2d 741, 743 (Tex.App.—San Antonio 1985, no writ). The purpose of article 55.01 is to enable persons who are wrongfully arrested to expunge their arrest record. *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991); *Moore v. Dallas County Dist. Attorney's Office*, 670 S.W.2d 727, 728 (Tex.App.—Dallas 1984, no writ). Expunction is available only when all the statutory conditions are met. *Harris County Dist. Attorney's Office v. D.W.B.*, 860 S.W.2d 719, 721 (Tex.App.—Houston [1st Dist.] 1993, no writ).

## No Evidence

■ In point of error one, DPS argues that the trial court erred in ordering expunction of appellee's criminal records because there was no evidence to prove that appellee's indictment was dismissed because "the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe [appellee] committed the offense." TEX.CODE CRIM. P.ANN. art. 55.01(a)(2)(A) (Vernon Supp. 1994).

## Standard of Review

■ A court reviewing a "no evidence" challenge considers only the evidence and inferences that, when viewed in their most favorable light, tend to support the finding, and disregards all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). A "no evidence" point must be sustained when the record discloses a complete absence of evidence of a vital fact. *Otis Elevator Co. v. Joseph*, 749 S.W.2d 920, 923 (Tex.App.— Houston [1st Dist.] 1988, no writ). We find that there is no evidence to establish that the indictment was dismissed because of mistake, false information, or similar reason to indicate lack of probable cause that appellee committed the offense of delivery of anabolic steroids. The motion to dismiss the indictment states as a reason for dismissal that appellee had successfully completed pretrial intervention. That reason does not authorize expunction under the statute.

Appellee argues that he had filed a motion to dismiss based on the defense of entrapment. His counsel argued to the trial court and on appeal that his defense of entrapment was the real reason for dismissal and that dismissal on that ground entitled him to expunction. We cannot consider his argument because the record does not support his factual assertions. The motion to dismiss is not part of the transcript, and there is no testimony that the District Attorney dismissed the indictment on that basis.

Appellee would have us graft a certain flexibility on this statute, citing *State v. Arellano*, 801 S.W.2d 128 (Tex.App.—San Anto-

nio 1990, no writ). In that case, the court wrote that "[t]he expunction statute is essentially remedial in nature and should be given the most comprehensive and liberal construction possible." *Id.* at 130. That statement, albeit sweeping, was written in the context of a very narrow issue: whether the expunction statute should apply to petitioners whose indictments had been dismissed before the passage of the expunction statute. After reviewing the statute's legislative history, the court held that it should apply retroactively.

It is a very different application of liberal construction appellee asks us to make. He would have us ratify the trial court's decision as conclusive based on speculation that the State's "extraordinary disposition of the case may have been based on some reason which indicated absence of probable cause." We decline to do so. We rather follow the constraints of *Harris County Dist. Attorney's Office v. Burns,* 825 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1992, writ denied), which holds that because expunction is not a common law right, a court has no equitable power to extend the clear meaning of the statute.

We sustain point of error one.

Because of our disposition of point of error one, it is unnecessary to consider point of error two, in which DPS argues that the evidence was insufficient to establish the same element.

### District Attorney's Agreement

In point of error three, DPS argues that the trial court erred in granting expunction based on an agreement between the District Attorney's office and appellee that the District Attorney's office would not oppose an expunction of appellee's criminal records. The trial court entered a finding of fact that such an agreement existed. DPS does not challenge the evidentiary basis of this finding. Rather, it asserts that as a matter of law, this agreement cannot serve as a basis for expunction because DPS was not bound by it.

We agree that DPS was not bound by the District Attorney's agreement. We recognize that "[e]ach district attorney shall represent the State in all criminal cases in the district courts of his district. . . ." TEX. CODE CRIM.PROC.ANN. art. 2.01 (Vernon 1994). We find, however, that in an expunction hearing, which is a civil proceeding (*Ex parte Elliott,* 804 S.W.2d 324, 325 (Tex.App.— Houston [1st Dist.] 1991), *rev'd on other grounds,* 815 S.W.2d 251 (Tex.1991), each law enforcement agency cited is entitled to represent itself. Otherwise, there would be no need for separate citation of each law enforcement agency possessing records under TEX.CODE CRIM.PROC.ANN. art. 55.02(1)(b)(8) (Vernon 1994). Further, the statute provides that "[a]ny petitioner or agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases." TEX.CODE CRIM.PROC.ANN. art. 55.02(3)(a) (Vernon 1994).

We sustain point of error three.

### Default Judgment

In point of error four, DPS argues that the trial court erred by reciting in its judgment that the agencies not appearing at the hearing were in default. The only reference to default appears in the trial court's Finding of Facts and Conclusion of Law, where the court states,

> Respondents, the Fort Bend County Sheriff's Department, the Fort Bend County District Attorney's Office, the Fort Bend County District Clerk's Office, and the Federal Bureau of Investigation, although having been duly and legally cited to appear and answer and timely advised of the hearing, failed to appear or otherwise answer *and wholly made default.*

Apparently, DPS is concerned that if the trial court's order is reversed, it would be reversed only in relation to DPS. *Ex parte Elliott,* 815 S.W.2d 251, 251 (Tex.1991), allays such a fear. That case holds that reversal of an expunction order must encompass *all* agencies in possession of relevant criminal records.

We sustain point of error four.

We reverse the judgment of the trial court and render judgment in favor of DPS.