TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00100-CV






Abraham Galvan, Appellant



v.



Texas Department of Public Safety, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 98-09966, HONORABLE MACE B. THURMAN, JR., JUDGE PRESIDING







 Abraham Galvan complains that the district court erred by failing to file findings
of fact and conclusions of law supporting its decision. We conclude that, because Galvan did not
timely remind the district court of its failure as required by rule, he has waived the right to
complain of the failure on appeal. We will affirm the order.

 Galvan sought expunction of records and files resulting from particular arrests and 
charges that were dismissed. The district court held a hearing on the petition on October 30,
1998. Believing the court denied his petition, Galvan on November 12, 1998 filed a notice of
appeal and request for findings of fact and conclusions of law. The district court did not sign its
order denying expunction until January 15, 1999. Galvan asserts that he mailed a letter to the
district clerk requesting a copy of the findings of fact on January 22, 1999; no such letter or
request appears in the clerk's record, nor does the district court's docket sheet contain an entry
that the clerk received or filed such a letter. The clerk's record does not contain any findings of
fact or conclusions of law.

 Galvan complains of the district court's failure to file findings of fact and
conclusions of law. He contends that it leaves him unable to determine why the court denied his
petition. He requests that this Court abate this appeal and remand the cause to allow the district
court to make the requested findings and conclusions.

 Galvan has not demonstrated that he preserved the district court's failure for our
review. A petition for expunction is a civil proceeding. Texas Dep't of Pub. Safety v. Katopodis,
886 S.W.2d 455, 457 (Tex. App.--Houston [1st Dist.] 1994, no writ). The initial request for
findings and conclusions under Texas Rule of Civil Procedure 296 does not preserve error without
further action. The rules require more:


If the court fails to file timely findings of fact and conclusions of law, the party
making the request shall, within thirty days after filing the original request, file
with the clerk and serve on all other parties in accordance with Rule 21a a "Notice
of Past Due Findings of Fact and Conclusions of Law" which shall be immediately
called to the attention of the court by the clerk. Such notice shall state the date the
original request was filed and the date the findings and conclusions were due.


Tex. R. Civ. P. 297. A requesting party who fails to file the notice under Rule 297 waives the
right to complain on appeal of the district court's failure. See Las Vegas Pecan & Cattle Co. v.

Zavala County, 682 S.W.2d 254, 255-56 (Tex. 1984). The appellate record contains only
Galvan's November 12 request. Galvan did not send a reminder notice within thirty days of this
request; the alleged January 22 letter was sent well more than thirty days after the original
request. Even if we consider the November 12 request to have been filed on January 15, 1999
(the date the order denying expunction was signed) and even if the district clerk received Galvan's
January 22 request, Galvan did not show that the January 22 letter fulfilled the express and
detailed requirements set out in Texas Rule of Civil Procedure 297. It therefore did not preserve
any error in the district court's failure to file the requested findings and conclusions. His failure
to preserve error prevents us from abating the appeal for the district court to make the findings
of fact and conclusions of law.

 In the absence of findings of fact or conclusions of law, the trial court is presumed
to have found facts in favor of its order if there is any probative evidence to support the order. 
See Allen v. Allen, 717 S.W.2d 311, 313 (Tex. 1986); see also Smith v. Harrison County, 824
S.W.2d 788, 792 (Tex. App.--Texarkana 1992, no writ). We indulge every presumption in favor
of the trial court's findings in the absence of a reporter's record. Bryant v. United Shortline Inc.
Assur. Services, N.A., 972 S.W.2d 26, 31 (Tex. 1998). Galvan has not alleged any errors that
support reversal on the record before us.

 We affirm the order denying the petition for expunction.



 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 30, 2000

Do Not Publish



the right to
complain of the failure on appeal. We will affirm the order.

 Galvan sought expunction of records and files resulting from particular arrests and 
charges that were dismissed. The district court held a hearing on the petition on October 30,
1998. Believing the court denied his petition, Galvan on November 12, 1998 filed a notice of
appeal and request for findings of fact and conclusions of law. The district court did not sign its
order denying expunction until January 15, 1999. Galvan asserts that he mailed a letter to the
district clerk requesting a copy of the findings of fact on January 22, 1999; no such letter or
request appears in the clerk's record, nor does the district court's docket sheet contain an entry
that the clerk received or filed such a letter. The clerk's record does not contain any findings of
fact or conclusions of law.

 Galvan complains of the district court's failure to file findings of fact and
conclusions of law. He contends that it leaves him unable to determine why the court denied his
petition. He requests that this Court abate this appeal and remand the cause to allow the district
court to make the requested findings and conclusions.

 Galvan has not demonstrated that he preserved the district court's failure for our
review. A petition for expunction is a civil proceeding. Texas Dep't of Pub. Safety v. Katopodis,
886 S.W.2d 455, 457 (Tex. App.--Houston [1st Dist.] 1994, no writ). The initial request for
findings and conclusions under Texas Rule of Civil Procedure 296 does not preserve error without
further action. The rules require more:


If the court fails to file timely findings of fact and conclusions of law, the party
making the request shall, within thirty days after filing the original request, file
with the clerk and serve on all other parties in accordance with Rule 21a a "Notice
of Past Due Findings of Fact and Conclusions of Law" which shall be immediately
called to the attention of the court by the clerk. Such notice shall state the date the
original request was filed and the date the findings and conclusions were due.


Tex. R. Civ. P. 297. A requesting party who fails to file the notice under Rule 297 waives the
right to complain on appeal of the district court's failure. See Las Vegas Pecan & Cattle Co. v.

Zavala County, 682 S.W.2d 254, 255-56 (Tex. 1984). The appellate record contains only
Galvan's November 12 request. Galvan did not send a reminder notice within thirty days of this
request; the alleged January 22 letter was sent well more than thirty days after the original
request. Even if we consider the November 12 request to have been filed on January 15, 1999
(the date the order denying expunction was signed) and even if the district clerk received Galvan's
January 22 request, Galvan did not show that the January 22 letter fulfilled the express and
detailed requirements set out in Texas Rule of Civil Procedure 297. It therefore did not preserve
any error in the district court's failure to file the requested findings and conclusions. His failure
to prese