NUMBER
13-99-685-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI
B
EDINBURG

 

 

WILLIE JOSEPH
ROY                                                            Appellant,

 

                                                   v.

 

 HOUSTON POLICE DEPARTMENT                                           Appellee.

 

                        On appeal from the
333rd District Court

                                   of Harris
County, Texas.

 

 

                                   O P I N I
O N

 

        Before Chief Justice Valdez
and Justices Dorsey and Rodriguez

                              Opinion
by Chief Justice Valdez








Appellant, Willie Joseph Roy, appeals from the denial of his
request for expunction of criminal records. 
We affirm.

Appellant filed a petition for expunction of records with the
333rd District Court of Harris County, Texas, seeking to expunge two offenses
from his criminal history.  This matter
was set for hearing on August 20, 1999. 
On the date of the hearing, the trial court entered an order denying all
relief sought in appellant=s petition for
expunction.  Appellant appeals from said
order.

An appellant has the burden to present a record to the
appellate court that shows the error about which he is complaining.  Zuyus v. No'Mis Comm., Inc., 930
S.W.2d 743, 748 (Tex. App.BCorpus Christi
1996, no writ).  The appellate record
consists of the clerk's record and, if necessary to the appeal, the reporter's
record. Tex. R. App. P. 34.1. 








No reporter's record was filed in this case.  The judgment herein was signed on August 20,
1999, and the reporter=s record was
due sixty days later, on October 19, 1999. 
Tex. R. App. P. 35.1.  On November 10, 1999, after the deadline for
the filing of the reporter=s record,
appellant filed his docketing statement with this Court indicating that he had
not yet requested the preparation of the reporter=s record, and stating that he would be
requesting same.[1]  We have received no information that the
reporter=s record was
ever requested.  On December 10, 1999,
the trial court=s official
court reporter responded to a request from the Clerk of this Court, and stated
there is no reporter=s record in
this cause.

Rule 34.6(f) of the Texas Rules of Appellate Procedure states
that an appellant is entitled to a new trial under the following circumstances:
(1) the appellant timely requested the reporter's record; (2) the reporter's
record has been lost or destroyed; (3) the lost record is necessary to the
appeal's resolution; and (4) the parties cannot agree on a complete reporter's
record. See
Tex. R. App. P. 34.6(f). These
circumstances do not exist in the present case, as appellant made no timely
request for the reporter=s record.

The parties may agree on the contents of the appellate record
by a written stipulation filed with the trial court clerk.  Tex.
R. App. P. 34.2.  The parties may
also agree on a brief statement of the case in lieu of a reporter's record;
this statement must be filed with the trial court clerk and included in the
appellate record.  Tex. R. App. P. 34.3.  Neither of these options was exercised in
this case. 

Generally, the absence of a reporter's record precludes any
relief on appeal. Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex.
1990).  However, the court of appeals is
required to address every issue raised and necessary to the final disposition
of an appeal.  Tex. R. App. P. 47.1; Office of Pub. Util. Counsel v. Pub.
Util. Comm'n, 878 S.W.2d 598, 599-600 (Tex. 1994).  Where an appeal involves no factual dispute,
but strictly questions of law, no reporter=s record is
required.  Office of Pub. Util.
Counsel, 878 S.W.2d at 599-600;  Segrest
v. Segrest, 649 S.W.2d 610, 611 (Tex. 








 

1983);
Smith v. Grace, 919 S.W.2d 673, 678-79 (Tex. App.BDallas 1996,
writ denied).  Therefore, we must
determine whether such an issue is raised in this appeal. 

In a single issue, appellant argues that certain charges should
be expunged from his criminal history. 
Appellant contends an indictment charging him with aggravated assault
was dismissed because it was obtained through false information, or other
similar reason.  We disagree.

Expunction may be granted only when every statutory condition
is met.  Tex. Dept. of Pub. Safety v.
Katopodis, 886 S.W.2d 455, 457 (Tex. App.BHouston [1st Dist.] 1994, no writ).  The burden of proving compliance with the
statutory conditions rests solely with the petitioner.  Id. 
Where an indictment is presented and subsequently dismissed, one of the
statutory prerequisites to expunction is that a trial court find that such
indictment was obtained through mistake, false information or other similar reason
indicating absence of probable cause.  Tex. Code Crim. Proc. Ann. art.
55.01(a)(2)(A)(ii) (Vernon Supp. 2002). 

From the record before us, we cannot say that, as a matter of
law, appellant proved compliance with the applicable statutory requirements of
the expunction statute.  Accordingly,
appellant's sole issue is overruled. 

The judgment of the trial court is affirmed. 

                                        

ROGELIO
VALDEZ

Chief
Justice

 

Do not Publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this 27th day
of June , 2002.











[1]
Appellant states, in his brief, that he is not able to acquire
the record to show how and why the trial court denied his request for
expunction, but offers no further explanation as to why he is unable to obtain
the reporter=s record.