Opinion issued May 1, 2003



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00064-CV
____________
 
TERRY PITTS, Appellant
 
V.
 
THE STATE OF TEXAS, THE HARRIS COUNTY SHERIFF’S
DEPARTMENT, THE HARRIS COUNTY DISTRICT CLERK, AND THE
HARRIS COUNTY DISTRICT ATTORNEY’S OFFICE, Appellees
 

 
 
On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2000-06986
 

 
 
O P I N I O N
          Appellant, Terry Pitts, an inmate of the Texas Department of Criminal
Justice–Institution Division (TDCJ–ID), proceeding pro se and in forma pauperis,
appeals from the trial court’s denial of his petition for expunction. In two points of
error, appellant argues that the trial court erred in (1) denying appellant’s motion
requesting appointed counsel to represent him, and (2) not preparing findings of fact
and conclusions of law. We affirm.
Facts and Procedural Background
          In June 1992, appellant was indicted for murder, aggravated assault, aggravated
robbery, and aggravated sexual assault. In May 1993, appellant was indicted for
injury to a child. All of the charges brought against appellant related to a single
criminal episode. In July 1993, following a bench trial on the charge alleged in the
1993 indictment, appellant was convicted of injury to a child, and, after the trial court
made an affirmative finding that a deadly weapon was used in the commission of the
offense, appellant was sentenced to 45 years in prison.
          The Harris County District Attorney subsequently filed a motion to dismiss the
charges brought against appellant in the 1992 indictment. In its motion, which was
granted, the reason given for the dismissal sought was “The Defendant was convicted
in another case or count.”
          In February 2000, appellant filed a petition seeking expunction of all records
relating to his arrest on the charges alleged in the 1992 indictment. On December 12,
2001, the trial court conducted an evidentiary hearing on appellant’s petition and, at
the close of the hearing, denied appellant’s petition.
Expunction Statute
          A person who has been arrested for the commission of either a felony or
misdemeanor is entitled to have all records and files relating to the arrest expunged
under certain conditions imposed by statute. Tex. Code Crim. Proc. Ann. art.
55.01(a) (Vernon Supp. 2003). A statutory expunction proceeding is civil rather than
criminal in nature, and the burden of proving compliance with the statutory
conditions rests solely with the petitioner. Tex. Dep’t of Public Safety v. Katopodis,
886 S.W.2d 455, 457 (Tex. App.—Houston [1st Dist.] 1994, no writ).
          Article 55.01 requires strict compliance with conditions imposed by the statute;
courts have no equitable power to expunge criminal records. Id. at 458. The parties
agree that the relevant section of article 55.01 is (a)(2), which provides, in part, that,
to be entitled to expunction when criminal charges are dismissed, the party seeking
expunction must show that each of the following conditions exists:
(A)an indictment or information charging the person with
commission of a felony has not been presented against the person
for an offense arising out of the transaction for which the person
was arrested or, if an indictment or information charging the
person with commission of a felony was presented, the indictment
or information has been dismissed or quashed, and:
 
(i)the limitations period expired before the date on which a
petition for expunction was filed . . . ; or
 
(ii)the court finds that the indictment or information was
dismissed or quashed because the presentment had been
made because of mistake, false information, or other
similar reason indicating absence of probable cause at the
time of the dismissal to believe the person committed the
offense or because it was void;
 
(B)the person has been released and the charge, if any, has not
resulted in a final conviction and is no longer pending and there
was no court ordered community supervision . . . ; and
 
(C)the person has not been convicted of a felony in the five years
preceding the date of the arrest.

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (Vernon Supp. 2003) (emphasis
added). The purpose of article 55.01 is to enable persons who are wrongfully arrested
to expunge their records. Katopodis, 886 S.W.2d at 457.
          Here, the parties agree that appellant met the requirements of sections (a)(2)(B)
and (C) of the statute. The focus of the dispute at the evidentiary hearing was
appellant’s argument that the presentment of the charges brought against him in the
1992 indictment was based on “mistake, false information, or other similar reason
indicating absence of probable cause at the time of the dismissal to believe the person
committed the offense,” or that the 1992 indictment was void. See Tex. Code Crim.
Proc. Ann. art. 55.01(a)(2)(A)(ii).



Appointment of Counsel
          In his first point of error, appellant, who is indigent, argues that the trial court
abused it discretion in denying his motion for appointment of counsel to represent
him in the expunction proceeding. In support of his motion, which was filed and
presented to the trial court for the first time at the evidentiary hearing, appellant
argued simply that the trial court should appoint counsel to assist him because,
“Evidently, I’m not doing everything right. I need – attorney [sic] to assist me.” The
trial court then denied the motion.
          Appellant relies chiefly on federal case law in support of his argument on this
point. However, appellant seeks relief under Texas’ expunction statute, not a federal
law or statute. Under Texas law, in certain civil proceedings designated by statute,
a trial court must appoint counsel to represent indigent litigants.


 Otherwise, a district
court may, in its discretion, appoint counsel for an indigent party in a civil case. Tex.
Gov’t Code Ann. § 24.016 (Vernon 1988).
          The Texas Supreme Court has “never held that a civil litigant must be
represented by counsel in order for a court to carry on its essential, constitutional
function,” although it has acknowledged that, “in some exceptional cases, the public
and private interests at stake [may be] such that the administration of justice may best
be served by appointing a lawyer to represent an indigent civil litigant.” Travelers
Indem. Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996); see also Coleman v.
Lynaugh, 934 S.W.2d 837, 839 (Tex. App.—Houston [1st Dist.] 1996, no writ).
          As appellant acknowledges in his brief, “there is no automatic right to the
appointment of counsel” in an expunction proceeding. Moreover, there is no
statutory right to appointed counsel in an expunction proceeding. We hold that
expunction proceedings are not “exceptional cases” requiring trial courts to appoint
counsel for indigent litigants, and here, the trial court did not abuse its discretion in
denying appellant’s motion for appointment of counsel.
          We overrule appellant’s first point of error.
Findings of Fact and Conclusions of Law
          In his second point of error, appellant argues that the trial court erred in failing
to prepare findings of fact and conclusions of law.
          Following a bench trial, any party may request that the trial court make written
findings of fact and conclusions of law. Tex. R. Civ. P. 296. Findings of fact and
conclusions of law may be requested even when, as here, a trial court renders
judgment after the plaintiff rests his case. See Qantel Bus. Sys. v. Custom Controls,
Co., 761 S.W.2d 302, 304 (Tex. 1988). Findings of fact are not conclusive on appeal,
however, even if unchallenged, when a reporter’s record of the evidentiary
proceedings is prepared and included as part of the appellate record. Zac Smith v.
Otis Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987). Legal conclusions made by the
trial court are also not binding upon an appellate court; we review any such
conclusions of law de novo. Connelly v. Paul, 731 S.W.2d 657, 661 (Tex.
App.—Houston [1st Dist.] 1987, writ ref’d n.r.e.). When a trial court does not file
findings as requested, we must presume harm unless the record affirmatively shows
that the complaining party suffered no harm. Tenery v. Tenery, 932 S.W.2d 29, 30
(Tex. 1996).
          The record shows that, at the conclusion of the expunction hearing, appellant
orally requested the trial court to prepare findings of fact and conclusions of law. 
Appellant contends that he also filed written requests for findings and conclusions,
although no such request appears in the clerk’s record presented on appeal. The
clerk’s record does contain appellant’s “Notice of Past Due Findings of Fact and
Conclusions of Law,” in which he asserts that he filed a written request for findings
and conclusions within 20 days after the expunction hearing. Tex. R. Civ. P. 296. 
Assuming, without deciding, that appellant did file a timely written request for
findings of fact and conclusions of law, we will review the record to determine
whether it affirmatively shows that appellant suffered no harm from the lack of such
findings and conclusions.
          To prevail on the merits of his petition, appellant was required to present
evidence showing that the charges alleged in the 1992 indictment were dismissed
“because the presentment had been made because of mistake, false information, or
other similar reason indicating absence of probable cause at the time of the dismissal
to believe [appellant] committed the offense.” Tex. Code Crim. Proc. Ann. art.
55.01(a)(2)(A)(ii).
          At the expunction hearing, appellant testified by narrative form, in relevant
part, as follows:
All right. I will, through my testimony, show the Court – this is – I’m
trying to get all four charges dismissed. I’m going to start with each one
of them . . . give probable cause as well as false information or other
similar reasons that indicates the dismissal of – offense.
 
First, the murder. Your Honor, I would say that there was no probable
cause other than – complaining witness against me, which became a
suspect herself. There’s a murder weapon. Doesn’t have any
fingerprints on it. There were polygraphs taken where the witness
failed. And the detective of – of homicide who took the stand said the
complaining witness – still a suspect.
 
Other probable cause shows this was dismissed because of false
information. As you said – I mean, it’s a – statute says because there
wasn’t probable cause, as well as similar reasons indicating absence of
probable cause.
 
I would think any time – district attorney gives a polygraph test to
someone, and – and especially a complaining witness, and he failed it –
that’s probable cause: someone’s lying.
 
And there’s – false information has been given. To meet the statute –
that’s the only reason I’m giving this testimony, sir.

          . . . .
 
I was accused of robbing someone in a bank, making – forcing someone
to withdraw money. All the time, I’m contesting my innocence to this. 
Bank pictures shows [sic] I wasn’t, clearly, nowhere in the bank. 
Complaining witness – there by – self withdrawing money.

          . . . .
 
To make this point real simple, when someone made the complaint
against me, everybody thought – upright citizen, and they ran on it. 
They believed everything that was said against me. But then, after –
investigated, indictment already given, I gave a statement. Things were
investigated. I was told by the district attorney’s office, as well as
others, that they knew I committed these crimes.
 
I go on to rob – aggravated robbery, as the term says. There was no
weapon, once again, for aggravated robbery, which is false information. 
There’s – there’s no pictures of me at the bank, but it is the witness who
says she was robbed at the bank by herself, for which is false
information again and probable – reason to doubt probable cause.
 
Also the detective testified in the matter – moving on to the sexual
assault, sir, the third cause I’m trying to get expunged. There’s no DNA
from me. There’s a polygraph taken by me that I passed. They had a lot
of information they knew was false. They just say false information to
dismiss the indictment.

          . . . .
 
I don’t think – like you say, statute of limitation of murder – there’s no
statute of limitation. If – if there was probable cause, I would have been
down there locked up and charged with the crime now and probably
convicted. So that, among itself, shows there’s a lack of probable cause
and that there’s been false information provided to the district attorney’s
office, or they would have been pursuing conviction for it. . . .
Everybody in Harris County knows Harris County is not lenient on no
one. There’s a crime committed – for it – you going – you going to get
punished for it.

          Appellant then called Harris County Assistant District Attorney Kelly Siegler
as a witness. Siegler was the assistant district attorney who prosecuted appellant for
the charge presented in the 1993 indictment and who filed the motion to dismiss the
charges presented against appellant in the 1992 indictment. Siegler testified, in part,
as follows:
Q:Would you inform the Court if there was probable cause – believe
that someone else committed the crime other than the defendant
– other than the petitioner in this case, Terry Pitts?
 
          A:      Someone else committed the crime along with you.

          . . . .
 
Q:Okay. No one, in your opinion that – who could’ve committed
these crimes other than Terry Pitts?
 
A:No. My opinion is Helena Douglas committed the crime with
you. That’s my opinion.

          . . . .
 
Q:There’s four charges I’m trying to get expunged today: Murder,
attempted murder, aggravated assault, and aggravated sexual
assault . . . [a]nd aggravated robbery. Was there a witness giving
information against Pitts? Against petitioner? Myself?
 
A:Yes, sir.

          . . . .
 
Q:Who is that?
 
          A:      Marcus Douglas is the first one.
 
          Q:      Who is the second?
 
          A:      Helena Douglas.
 
Q:Okay. What – direct attention to the second name you mentioned. 
You mention [sic] Helena Douglas. Would you verify to the
Court if there was any information that was given to you that was
later found to be false?
 
          A:      The initial – yes.

Following this exchange, appellant did not question Siegler further.
          In response to questioning from counsel for the Harris County District
Attorney’s Office, Siegler testified that, at the time the charges alleged against
appellant in the 1992 indictment were dismissed, she believed, and still believes, that
probable cause existed that appellant committed those offenses. Siegler also testified
that the charges alleged in the 1992 indictment were not dismissed because of any
mistake or false information. When asked why she sought to have the charges in the
1992 indictment dismissed, Siegler explained as follows:
Because Judge Kegans gave [appellant] a sentence of 45 years. There’s
not a whole lot of difference between that and a life sentence. We tried
the best case we had, using Marcus Douglas as the main witness,
avoiding as much as we could having to use Helena Douglas as a
witness. When he got such a long sentence, there was no need to try
him again, and probably Judge Kegans would’ve run any sentence he
received concurrently anyway. So I dismissed other [sic] charges. It
had nothing to do with the fact that no probable cause was ever there
from the beginning, up until this date.

          Just before announcing its ruling, in an exchange with appellant, the trial court
explained the basis for its decision as follows:
The Court:So what you’re left with is trying to show that there was no
probable cause – what you’re left with is that the
indictment, or presentment, had been made because of a
mistake, false information, or similar reason indicating the
absence of probable cause. That’s where our focus is at
this point.
 
Mr. Pitts:Okay. I’m trying to show the Court, according to
testimony, that there was a statement made concerning
false information. I – is –
 
The Court:But you haven’t tied that – you’re right. The witness got
up on the stand today and said she received some false
information from this witness.
 
          Mr. Pitts:     Okay.
 
The Court:But you never tied that up to it being false information that
would indicate the absence of probable cause to have
indicted you. And that’s what you have to tie it to. Matter
of fact, I never heard anyone solicit [sic] any testimony as
to the specifics of what was false and what wasn’t, so I
don’t know.

          Here, the record indicates appellant presented no evidence to show that the
charges alleged against him in the 1992 indictment were dismissed because of
mistake, false information, or other similar reason to indicate a lack of probable cause
that appellant committed the offenses alleged. The trial court also explained the basis
for its ruling at the hearing. Based on the record presented, we hold that the trial
court’s failure to prepare findings of fact and conclusions of law was not harmful to
appellant’s ability to present his case on appeal. See Tex. R. App. P. 44.2(b); Tenery,
932 S.W.2d at 30.
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court. All pending motions are denied.




                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.