Affirmed in part, Reversed and Rendered in part, and Memorandum Opinion
filed August 11, 2005









Affirmed in part, Reversed and
Rendered in part, and Memorandum Opinion filed August 11, 2005.

 

 

In The

 

Fourteenth Court of Appeals

 

________________________

 

NO. 14-04-00507-CV

________________________

 

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant

 

V.

 

KENNETH FREDERICK CRYAN,
JR., Appellee

 

__________________________________________________________________

 

On Appeal from the 155th District Court

Austin County, Texas

Trial Court Cause No. 2003V‑0114

__________________________________________________________________

 

M E M O R A N D U M   O P I N I O
N

 

The Texas Department of Public
Safety appeals the trial court=s order
granting Kenneth Frederick Cryan=s
petition for expunction of criminal records related to three separate
arrests.  We affirm in part, and reverse
and render in part.








I.  Background

In 1997, Cryan was arrested three
separate times.  Cryan was first arrested
for misdemeanor assault.  No information or indictment was
presented against him for the misdemeanor assault offense, and the statute of
limitations for prosecution of this offense later expired.

Cryan was later arrested for criminal mischief.  He was charged by information for the
offense, but the charge was dismissed, and the statute of limitations for
prosecution of this offense later expired. 

Subsequently, Cryan was arrested for the felony offenses of
theft and arson.  He was charged by
indictment with both offenses, but the State elected to pursue only the theft
charge.  Cryan was placed on deferred
adjudication probation for the theft offense and satisfactorily completed
probation.

In 2003, Cryan filed a petition
pursuant to Article 55.01 of the Texas Code of Criminal Procedure to expunge
criminal records related to all three arrests, and all the appropriate agencies
were notified.  The Texas Department of
Public Safety (ADPS@) filed
an answer, but did not appear at the hearing. 
The only party to appear at the hearing to contest expunction was the
Austin County District Attorney.  Upon
completion of the hearing, the trial court ordered that all records related to
the arrests be expunged, and DPS filed this appeal from the trial court=s order.

II.  Standard of Review








Article 55.01 of the Texas Code
of Criminal Procedure provides for the expunction of records and files related
to an arrest.  Tex. Code Crim. Proc. Ann. art. 55.01 (Vernon Supp. 2004B05).  The right to expunction of arrest records is
a statutory privilege limited by the legislature.  Harris County Dist. Attorney v. Lacafta,
965 S.W.2d 568, 569 (Tex. App.CHouston
[14th Dist.] 1997, no pet.).  Although
Article 55.01 is found in the Texas Code of Criminal Procedure, an expunction
proceeding is civil rather than criminal in nature; therefore the petitioner
bears the burden of proving compliance with the statute.  Id. 
All provisions of the statute are mandatory, and the court has no
equitable power to extend the clear meaning of the statute.  Id. 

Article 55.01 provides that a
person who has been placed under a custodial or noncustodial arrest for
commission of either a felony or misdemeanor is entitled to have all records
and files relating to the arrest expunged if certain conditions are met.  One such condition is that the person has not
been convicted of a felony in the five years preceding the date of the
arrest.  Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(C).

In its first issue, DPS contends
the trial court erred by ordering expunction of records related to all three of
Cryan=s arrests
because the evidence was legally insufficient to prove he had not been
convicted of a felony in the five years preceding the arrests.  

In a trial to the court where no
findings of fact or conclusions of law are requested or filed, the trial court=s
judgment implies all findings of fact necessary to support it.  Pharo v. Chambers County, Tex.,
922 S.W.2d 945, 948 (Tex. 1996).  When
the party without the burden of proof challenges the legal sufficiency of
evidence to support an unfavorable implied finding of fact, we apply a Ano
evidence@ standard
of review.  State v. Herron, 53
S.W.3d 843, 845 (Tex. App.CFort
Worth 2001, no pet.).  In determining whether there is Ano
evidence@ to
support a factual finding, we consider only the evidence and inferences that,
when viewed in their most favorable light, tend to support the trial courts
findings, and we disregard all evidence and inferences to the contrary. Cont=l Coffee
Prods. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996).  If more than a scintilla of evidence exists
to support the questioned finding, the Ano
evidence@ point
fails.  Id.  When the record discloses a complete
absence of evidence of a vital fact, however, we must sustain the Ano
evidence@
point.  Texas Dep=t of
Public Safety v. Katopodis, 886 S.W.2d 455, 457 (Tex. App.CHouston
[1st Dist.] 1994, no writ). 








III.  Discussion

A.        Expunction of Records Related to Arrests
for Misdemeanor Assault and Criminal Mischief

Cryan contends that the Austin
County District Attorney conceded at the expunction hearing that Cryan was
entitled to expunction of records related to the arrests for misdemeanor
assault and criminal mischief, which did not result in deferred adjudication
probation.  At the expunction hearing,
the district attorney argued as follows: A[W]e did
talk to the D.P.S. who filed an extensive answer [in this case].  I think he has talked to [Cryan=s
attorney] and talked to me. . . .  The
other two arrests [that did not result in deferred adjudication], we have no
problem with expunging those records, but we would oppose any kind of
expunction as far as the deferred adjudication is concerned at this point in
time because I think, legally, it can not be done.@   

We do not agree with Cryan=s
assertion that the district attorney conceded Cryan was entitled to
expunction of records related to the arrests for misdemeanor assault and
criminal mischief.  However, we do find
that the district attorney expressly represented to the trial court that
neither he, nor DPS, opposed expunction of records related to these
arrests.  

Courts routinely rely on
attorneys= statements during oral argument
and rely on these statements when deciding cases.  See, e.g., City of Sherman v. Henry,
928 S.W.2d 464, 466 (Tex. 1996) (relying on representation that parties made
during oral argument before the Court). 
Accordingly, an attorney cannot invite or induce the trial court to
commit error and then permit his client to complain about the error on
appeal.  See Kelly v. Demoss Owners
Ass=n, 71
S.W.3d 419, 424 (Tex. App.CAmarillo
2002, no pet.) (stating that A[i]nvited
error is an equitable doctrine which prohibits a party from acting in a way
that misleads the trial court into committing error@).   








Because the district attorney
expressly represented to the trial court that he had Ano
problem@ with
expunging records related to the arrests for misdemeanor assault and criminal
mischief, any error by the trial court in expunging such records was clearly
invited by the district attorney.  Thus,
the district attorney, and the parties he represented at the hearing, cannot inconsistently
contend on appeal that the trial court erred by expunging these records. Accordingly,
the question becomes whether the district attorney represented DPS at the
expunction hearing so as to preclude DPS from challenging on appeal the
expunction of these records.    

Each law enforcement agency that
may have records the petitioner wants expunged is entitled to be represented by
counsel at the expunction hearing, rather than being forced to rely on the
district attorney to represent its interest as it would be in a criminal
proceeding.  See Tex. Code Crim. Proc. Ann. art.
55.02(2)(c) (stating Asuch
entity may be represented by the attorney responsible for providing such agency
with legal representation in other matters@); Katopodis,
886 S.W.2d at 458.  Therefore, the state
agencies which appear at the hearing are not bound by the district attorney=s actions
or agreements concerning expunction. Katopodis, 886 S.W.2d at 458.  However, when a state agency does not appear
at the expunction hearing, the district attorney does in fact represent the
interests of such agency.  Texas Dept.
of Public Safety v. Butler, 941 S.W.2d 318, 320 (Tex. App.CCorpus
Christi 1997, no writ); cf. Texas Dept. of Public Safety v. Deck, 954
S.W.2d 108, 111 (Tex. App.CSan
Antonio 1997, no writ) (concluding district attorney did not represent DPS
where DPS did not receive notice of the hearing, did not file an answer, and
nothing in record demonstrated district attorney was acting on behalf of DPS). 








In this case, DPS did not appear
at the expunction hearing.  Therefore, we
conclude the district attorney represented DPS=s
interest at the expunction hearing.[1]  Thus, the district attorney=s
representation that neither he, nor DPS, opposed expunction of records related
to the arrests for misdemeanor assault and criminal mischief is binding on DPS
and precludes DPS from challenging on appeal the legal sufficiency of the
evidence to support expunction of records related to these arrests. 

B.        Expunction of Records Related to the Arrest for Theft and
Arson

DPS did oppose expunction of
records related to Cyran=s arrest
for theft and arson.  Accordingly, we
must determine whether the evidence is legally sufficient to prove that Cryan
had not been convicted of a felony in the five years preceding his arrest for
theft and arson. 

In his petition, Cryan alleged
that he was entitled to expunction of his arrest records pursuant to Article
55.01(a)(2).  However, pleadings are not
competent evidence and a party may not rely on pleadings to meet its burden of
proof.  Laidlaw Waste Sys., Inc. v.
City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995).  When the defendant files a general denial in
the trial court, that pleading puts a plaintiff to his or her proof on all
issues. Estrada v. Dillon, 44 S.W.3d 558, 562 (Tex. 2001).  In this case, DPS filed a general denial in
response to Cryan=s
petition for expunction, and therefore, Cryan was required to provide proof of
each requirement under Article 55.01 to be entitled to expunction of his arrest
records.  See Texas Department of
Public Safety v. Moran, 949 S.W.2d 523, 526 (Tex. App.CSan
Antonio 1997, no writ) (explaining that once the State has filed a general
denial, all facts in a petition for expunction are not evidence and are placed
at issue). 








Cryan relies on his testimony at
the expunction hearing as evidence that he had not been convicted of a felony
in the five years preceding his arrests. 
Specifically, Cryan responded affirmatively to the question, A[A]re the
facts relating to the three arrests that you are asking to be expunged true and
correct, as set out in the petition?@  Cryan points to the allegation in his
petition that he was entitled to expunction under Article 55.01(a)(2).  He argues that because Article 55.01(a)(2)
requires that the petitioner not have been convicted of a felony in the five
years preceding the arrest, his testimony constitutes some evidence of the
necessary fact.  However, Cryan=s
allegation in his petition that he was entitled to expunction under Article
55.01(a)(2) is not a fact, but rather a legal conclusion.  Cryan=s
petition did not contain a factual assertion that he had not been convicted of
a felony in the five years preceding his arrests.  Accordingly, Cryan=s
testimony did not prove by legally sufficient evidence that he had not been
convicted of a felony in the five years preceding his arrest for theft and
arson.[2]

VI.  Conclusion

We affirm the portion of the
trial court=s judgment granting expunction of
records related to the arrests for misdemeanor assault and criminal
mischief.  However, because we find the
evidence is legally insufficient to show that Cryan had not been convicted of a
felony in the five years preceding his arrest for theft and arson, we reverse
the portion of the trial court=s
judgment granting expunction of records related to the arrest for theft and
arson and render judgment denying expunction of records related to that
arrest.   

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed August 11, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

 

 











[1]  DPS states in
its brief that it was represented at the hearing by the Austin County Criminal
District Attorney.





[2]  Our
disposition of this issue makes it unnecessary for us to address DPS=s second issue, in which DPS contends that the trial
court erred by expunging records related to Cryan=s arrest
for theft and arson because he was placed on deferred adjudication probation
for the theft offense.  See Tex. R. App. P. 47.1.