

# NUMBER 13-16-00275-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS DEPARTMENT OF PUBLIC SAFETY,                    Appellant,

v.

JASON EDWARD GAMBOA,                                      Appellee.

### On appeal from the 107th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION
### Before Justices Rodriguez, Contreras, and Benavides
### Memorandum Opinion by Justice Benavides

By two issues, the Texas Department of Public Safety (the Department) brings a restricted appeal challenging the expunction order granted for Jason Edward Gamboa. The Department alleges that Gamboa was not entitled to an expunction because (1) he served a term of community supervision and (2) the statute of limitations had not expired. We reverse and render.

## I. BACKGROUND

Gamboa was originally arrested and indicted for aggravated sexual assault of a child and indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. §§ 22.021, 22.11 (West, Westlaw through 2017 1st C.S.). Pursuant to a plea agreement with the State, Gamboa was additionally charged with injury to a child, to which he pleaded no contest and was sentenced to three years deferred-adjudication community supervision. *See id.* § 22.04 (West, Westlaw through 2017 1st C.S.). The original charges of aggravated sexual assault and indecency with a child were dismissed. *See id.* §§ 22.021, 22.11.

Gamboa filed a petition to expunge the aggravated sexual assault and indecency with a child charges. *See id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West, Westlaw through 2017 1st C.S.) (expunction statute). The Department filed an answer stating that Gamboa was not entitled to the expunction due to his term of community supervision. At a hearing in the trial court, Gamboa testified that the initial charges were dismissed against him and the case he pleaded no contest to was filed in conjunction with the previous charges. The State had no objections to the expunction at the hearing, but stated on the record that the Department had filed an objection. The Department did not appear at the hearing. The trial court granted the expunction and signed the order on November 18, 2015. The Department filed this restricted appeal on May 18, 2016.[1]

## II. RESTRICTED APPEAL

### A. Standard of Review

---

[1] Gamboa has not filed a brief to assist us in the resolution of this matter.

Restricted appeals are governed by Rule 30 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 30. When a party does not participate in person or through counsel in a hearing that results in a judgment, that party may be eligible for a restricted appeal. *See id.*

To sustain a restricted appeal, the filing party must prove: (1) the party filed notice of the restricted appeal within six months after the judgment was signed; (2) the party was a party to the underlying lawsuit; (3) the party did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the fact of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

## B.    Applicable Law and Discussion

In order to be entitled to a restricted appeal, the Department must meet the criteria related to a restricted appeal. The Department established that it filed a notice of restricted appeal within six months of the judgment and that it was a party to the underlying lawsuit, thereby meeting the first two prongs required. However, the third prong required the Department to show it did not participate in the hearing, file any post-judgment motions, or request findings from the trial court. *See Pike-Grant*, 447 S.W.3d at 886.

We are required to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal. *Pike-Grant*, 447 S.W.3d at 886; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–45 (Tex. 1985). "The nature and extent of participation precluding a restricted appeal in any particular case is a matter of degree because trial courts decide cases in a myriad of procedural settings." *Texaco, Inc. v. Cent. Power & Light Co.*, 925

S.W.2d 586, 589 (Tex. 1996). The question is whether the appellant has participated in "the decision-making event" that results in the judgment adjudication appellant's rights. *Id*; *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied). A restricted appeal is not an equitable proceeding. *Texaco, Inc.*, 925 S.W.2d at 590. "[A restricted appeal] appellant is not required to show diligence or lack of negligence before its complaints will be heard [because] it is the fact of nonparticipation, not the reason for it, that determines the right to [a restricted appeal]." *Id.*; *see In re Marriage of Butts*, 444 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 291 (Tex. App.—Waco 2014, no pet.); *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 40 (Tex. App.—San Antonio 2011, no pet.); *see also McBride v. Mail Sys. Coordinator's Panel*, No. 13-05-560-CV, 2008 WL 2151523, at *3 (Tex. App.—Corpus Christi May 22, 2008, pet. denied) (mem. op.).

At the expunction hearing, the following exchange occurred:

District Attorney: No questions, Judge. The Cameron County District Attorney's Office has no objections. I would like to point out to the Court, though, that DPS has filed an objection in the case.

Trial Court: All right. There being no objection, it will be granted then.

Even though the District Attorney appeared and agreed to the expunction, while notifying the trial court that the Department opposed the expunction, we find this case analogous to the scenario in *Texas Department of Public Safety v. Katapodis*. 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no pet.). There, the Department argued it was not bound by an agreement by the District Attorney. *Id.* The First Court of Appeals agreed and held that because an expunction proceeding was civil in nature, each agency

4

was entitled to represent itself. *Id.* Because the Department in Gamboa's case did not agree to the expunction, we find it meets the third prong of the requirements for a restricted appeal.[2]

Having concluded the Department meets the first three requirements, we now turn to whether error is apparent on the face of the record.

### III. GAMBOA NOT ENTITLED TO EXPUNCTION

By two issues, the Department argues that Gamboa was not entitled to an expunction. First, it alleges that Gamboa served a term of community supervision from a charge arising out of his arrest. Second, the Department argues that Gamboa was not entitled to an expunction because the statute of limitations had not expired.

### A. Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Vega*, 510 S.W.3d at 548. To the extent the court's ruling on an expunction petition turns on a question of law, we review that ruling de novo. *Id.*

Because this is a restricted appeal, our review is limited to the face of the record. *Ginn v. Forrester,* 282 S.W.3d 430, 431 (Tex. 2009) (per curiam). The "face of the record"

---

[2] An entity described in the expunction statute "*may* be represented by the attorney responsible for providing the entity with legal representation in other matters." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 § 2(c-1) (West, Westlaw through 2017 1st C.S.) (emphasis added). Under this provision, the District Attorney does not automatically represent the Department in an expunction proceeding. *See, e.g., Tex. Dep't. of Pub. Safety v. Smith*, 533 S.W.3d 488, 496 (Tex. App.—Corpus Christi May 4, 2017, no pet. h.).; *Tex. Dep't. of Pub. Safety v. J.B.R.*, 510 S.W.3d 610, 616 (Tex. App.—El Paso 2016, no pet.); *Tex. Dep't. of Pub. Safety v. Deck*, 954 S.W.2d 108 (Tex. App.—San Antonio 1997, no writ); *Tex. Dep't. of Pub. Safety v. Katapodis*, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no writ). Our decision in *Texas Department of Public Safety v. Espinoza* is distinguishable from these cases. *See* No. 13-08-00393-CV, 2009 WL 2545884, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). In *Espinoza*, the issue was neither briefed nor raised by the parties and it is not clear from the record whether there was an agreement regarding representation between the District Attorney and the Department. *See id.* In this regard, agreements or putative agreements regarding representation of the Department by the District Attorney are handled on a case-by-case basis given the discretionary nature of the statute and the differing factual scenarios that might be presented. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2(c-1).

includes all papers on file in the appeal and the reporter's record, if any. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *see also Tex. Dep't. of Pub. Safety v. Salazar*, No. 13-12-00771-CV, 2013 WL 4399185, at *2 (Tex. App.—Corpus Christi Aug. 15, 2013, no pet.) (mem. op.). The requirement that error be apparent from the face of the record mans that "error that is merely inferred will not suffice." *Ginn*, 282 S.W.3d at 431. With this limitation, our scope of review is otherwise the same as in an ordinary appeal. *Ex Parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi 2016, no pet.).

### B. Applicable Law

The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and released, and who meets certain other conditions, to have all records and files related to that arrest removed from the government's records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *see also Vega*, 510 S.W.3d at 548. Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Vega*, 510 S.W.3d at 548. As in other civil proceedings, it is the petitioner's burden to show that all the statutory conditions have been met. *Id.* And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction are mandatory and exclusive. *Id.* It is an abuse of discretion for the trial court to order expunction when the statutory conditions have not been met because the court possesses "no equitable power to permit expunction where it is not allowed" by statute. *Id.*

Gamboa's issue requires us to interpret the expunction statute. Statutory interpretation is a question of law that we also review *de novo*. *City of Rockwall v. Hughes*,

246 S.W.3d 621, 625 (Tex. 2008). Our goal in interpreting a statute is to give effect to the legislature's intent as expressed by the language in the statute. *Id.* We assume that the statute's words bear their "plain and common meaning" unless the Legislature provided a definition or another meaning that is apparent from the context. *Id.* at 625–26. We consider the statute as a whole, reading each word and phrase in context, and attempt to give effect to every part. *Mid–Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). If the meaning of statutory language is clear and unambiguous, we may not resort to rules of construction or extrinsic aids. *City of Rockwall*, 246 S.W.3d at 626. However, we may also consider the object the Legislature sought to attain by enacting the statute. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 87 (Tex. 2006) (citing Tex. Gov't Code Ann. § 311.023(1) (West, Westlaw through 2017 1st C.S.)).

Article 55.01(a) of the expunction statute governs a petitioner's right to expunction and provides, in relevant part, that:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:
>
> > (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense . . .
> >
> > > (i) has not been presented against a person at any time following the arrest, and . . .

7

(c)     at least three years has elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a felony or if there was a felony charge arising out of the same transaction for which the person was arrested. . . .

or

(B)     prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period had expired.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A), (B).

## C.     Discussion

To establish his right to expunction under the statute, Gamboa must prove that: (1) he has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; (4) there was no court-ordered community supervision; and (5) other statutory requirements are not at issue here. *Id.*; *see also Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 626 (Tex. App.—Austin 2014, pet. ref'd).

Gamboa argued to the trial court that the aggravated sexual assault and indecency by contact charges were dismissed and that he pleaded guilty to a separate offense. However, as the Department points out, the separate offense arose out of the same arrest. The statute makes no provision for expunging only records related to a particular charge that resulted from an arrest. *Vega*, 510 S.W.3d at 550; *see Ex parte Davila*, No. 13-15-00202-CV, 2016 WL 872997, at *4 (Tex. App.—Corpus Christi 2016, no pet.). "If the Legislature wished to permit persons to expunge records related to a particular charge resulting from an arrest without expunging all records of the arrest itself, we presume that

8

it would have included language with that meaning in the statute." *Vega*, 510 S.W.3d at 550.

This Court previously decided that the expunction statute "from top to bottom appears to maintain an arrest as the unit of expunction and provides relief relating to arrests rather than charges." *Id.* at 551. Additionally, we held that the analysis applies whether the offense is a lesser-included offense or a refiled offense. *Id.* at n.1.

Gamboa cannot establish the fourth requirement. *See Pike-Grant*, 447 S.W.3d at 886. Gamboa's initial charges of aggravated sexual assault and indecency by contact were dismissed, subsequent to the State filing an injury to a child charge out of the same arrest. Gamboa pleaded guilty to the injury to a child charge and served a term of deferred adjudication probation, making him ineligible for an expunction under the statue. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). We sustain the Department's first issue.[3]

## IV. CONCLUSION

We reverse the trial court's order of expunction and render judgment denying Gamboa's petition for expunction.

GINA M. BENAVIDES,
Justice

Delivered and filed the
31st day of May, 2018.

---

[3] Since this issue is dispositive, we need not address the Department's additional issue raised in this appeal. *See* TEX. R. APP. P. 47.1.

9