TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Cheryl Ann BENOIT and Fernando
Luis Cortez, Appellees.

Nos. 13–97–685–CV, 13–97–690–CV.

Court of Appeals of Texas,
Corpus Christi.

April 8, 1999.

Andres Cedillos, Texas Dept. of Public Safety, Asst. Director of Hearings, San Antonio, John C. West, Jr., Chief of Legal Services, Janette Lorie Ansolabehere, Asst. Gen. Counsel, Loren E. Svor, Asst. Gen. Counsel, Dept. of Public Safety, License Rev., Kevin Michael Givens, Supervising Atty., ALR Appeals, Texas Dept. of Public Safety, Austin, John Frank Davis, Texas Dept. of Public Safety, San Antonio, for appellant.

Fernando L. Cortez, Austwell, for appellees.

Before: Justices DORSEY, RODRIGUEZ, and KENNEDY.[1]

## OPINION

NOAH KENNEDY, Justice (Retired).

These cases were argued together on appeal and involve the same law and the same fact situations. We grant appellees' joint motion to consolidate their appeals.

Each appellee was arrested for driving while intoxicated. Their drivers licenses were suspended for failure to submit to a breath test to determine the presence and amount of alcohol in the system of each of the appellees. Appellees requested hearings on the suspensions[2] and the hearings were held and the suspensions were sustained by an administrative court. Appellees then filed an appeal with the county court at law number one of Calhoun County, Texas.[3] This appeal by the Texas Department of Public Safety is from an order of the judge of the county court at law which prohibited appellant from suspending the licenses.

■ Appellant raises three issues on appeal to this court, the first of which questions the jurisdiction of the county court at law to hear the appeal from the decision of the administrative court. It argues that the failure of appellees to send a copy of their petition by certified mail to the department and to the state office of administrative hearings, as required by section 524.041(c) of the Texas Transportation Code, deprives the county court at law of jurisdiction.

Section 524.041 provides, in pertinent part:

Appeal From Administrative Hearing

(a) A person whose drivers license suspension is sustained may appeal the decision by filing a petition not later than the thirtieth day after the date the administrative law judge's decision is final. The administrative law judge's final decision is immediately appealable without the requirement of a motion for rehearing.

(b) A petition under subsection (a) must be filed in a county court at law in the county in which the person was arrested or, ...

(c) A person who files an appeal under this section shall send a copy of the petition by certified mail to the de-

---

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. (Vernon 1988).

2. Tex. Transportation Code Ann. § 524.031 (Vernon pamp.1999).

3. Tex. Transportation Code Ann. § 524.041 (Vernon pamp.1999).

partment and to the state office of administrative hearings at each agency's headquarters in Austin. The copy must be certified by the clerk of the court in which the petition is filed.

The record does not show that appellees served a certified copy of their petitions for appeal on the state office of administrative hearings. Appellees concede in their briefs that they did not serve such copies. Appellees argue that the above quoted requirement is directory and not mandatory, that they made only a legal, and not a factual challenge to the administrative decision, and that the requirement is not jurisdictional.

■■■ The right to an appeal in a license suspension proceeding does not exist in the absence of a statutory authority since the entitlement to a drivers license is not a right, but a privilege. *Texas Dept. of Public Safety v. Quintero*, 818 S.W.2d 149, 152 (Tex.App.—Corpus Christi 1991, no writ). When a statute creates a right not existing at common law and prescribes a remedy to enforce the right, the courts may act only in the manner provided in the statute which created the right. *Bullock v. Amoco Production Co.*, 608 S.W.2d 899, 901 (Tex.1980). *Bullock* reversed the court of appeals and upheld the trial court's dismissal for want of jurisdiction of a suit to recover an alleged overpayment of franchise taxes. *Bullock* cited *Appraisal Review Board v. International Church of the Foursquare Gospel*, 719 S.W.2d 160 (Tex.1986) and quoted from the language therein which said, "compliance with § 42.21 is jurisdictional and the jurisdictional error of the trial court is apparent on the face of the record." This court has held that where an individual does not satisfy the requirements of section 42.21 of the Tax Code [4] the trial court did not have jurisdiction to entertain a tax payer's cause of action. *Gibbud v. Moron*, 972

S.W.2d 797, 800 (Tex.App.—Corpus Christi 1998, pet. denied).

The case before us is distinguishable from *Davis v. Zoning Bd. of Adjustment*, 865 S.W.2d 941 (Tex.1993). In *Davis*, appellants appealed an adverse decision of the Zoning Board of Adjustment of the city of La Porte which denied them the right to build a large building on a residential lot. Within ten days of the Zoning Board's decision, appellants (Davis, et al) filed a petition in the district court seeking judicial review of the decision. The court ordered its clerk to issue a writ of certiorari, the purpose of which is to require the board to forward to the court the record of the decision being challenged.[5] The issuance of the writ was conditioned upon the filing of a $100 bond by appellant. No bond was filed and no writ issued.

The Texas Supreme Court held that the filing of the petition within ten days by appellant conferred jurisdiction upon the district court. In the case before us appellee did no more than mail copies of his appeal to opposing counsel.

We hold that the county court at law was without jurisdiction to entertain the appeal. We sustain the point raised in appellant's first issue.

■■■ Even if we were to hold that the county court at law had jurisdiction to hear these appeals, we hold that the court erred in holding that the warning form did not conform to the applicable statutes, as alleged in issue number three. Appellees' argument to this Court, as it was also in the trial court, is that the form warning administered to appellees failed to warn that the analysis must show that the level of alcohol concentration is .10 or more *at the time of driving*. This argument is based upon section 49.04(a) of the Penal Code which states, "a person commits an offense if the person is intoxicated *while*

---

4. Tex. Tax Code Ann. (Vernon Supp.1998).

5. The procedure for such an appeal, or petition for certiorari, is provided in Tex.Loc. Gov't.Code § 211.011(b), (c). (Vernon 1988).

*operating a motor vehicle* in a public place." [6] (Emphasis added).

The warnings given were the warnings set out by the legislature in enacting section 724.015 of the transportation code,[7] which states, in pertinent part:

**Information provided by officer before requesting specimen**

Before requesting a person to submit to the taking of a specimen, the officer shall inform the person orally and in writing that:

(1) If the person refuses to submit to the taking of a specimen, that refusal may be admissible in a subsequent prosecution;

(2) If the person refuses to submit to the taking of a specimen, the person's license to operate a motor vehicle will be automatically suspended, whether or not the person is subsequently prosecuted as a result of the arrest, for:

  (A) Not less than ninety days if the person is twenty-one years of age or older; or

  (B) Not less than one hundred and twenty days if the person is younger than twenty-one years of age;

(3) If the person is twenty-one years of age or older and submits to the taking of a specimen designated by the officer and an analysis of the specimen shows the person had an alcohol concentration of a level specified by chapter 49, Penal Code, the persons license to operate a motor vehicle will be automatically suspended for not less than sixty days, whether or not the person is subsequently prosecuted as a result of the arrest;

Appellees do not claim that the warning is unconstitutionally vague. In essence, their argument is that the statute should have been worded differently. In the absence of a constitutional challenge, we leave the wording of the warning to the discretion of the legislature.

We hold that the trial court erred in holding that the warning did not conform to the applicable statutes and, therefore, appellees were not properly warned.

We REVERSE the judgment of the county court at law and dismiss the appeal therein from the administrative hearing.

---

6. Tex.Penal Code Ann.Sec. 49.04(a) (Vernon 1999).

7. Tex. Transportation Code Ann. § 724.015 (Vernon pamp.1999).