Reversed and Remanded and Opinion filed May 23, 2002















Reversed and
Remanded and Opinion filed May 23, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-99-00582-CV

_______________

 

KEVIN STERLING PARKS, Appellant

 

V.

 

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee

_________________

On Appeal from
the County Court at Law No. 3

Harris County, Texas

Trial Court
Cause No. 693,571

_________________

 

O P I N I O N 
ON  R E M A N D

          Kevin Sterling Parks appeals the
County Court’s dismissal of the appeal of his driver’s license suspension.  We reverse and remand.

            The Texas Department of Public
Safety (“DPS”) suspended Parks’s driver’s license for
his refusal to give a breath specimen.  See Tex.
Transp. Code Ann. § 724.035(a)(1) (Vernon Supp.
2002).  An administrative review resulted
in affirmance of the suspension, and Parks’s appeal of that decision to the County Court at Law
No. 3 of Harris County (the
“County Court”) was dismissed without an indication of the reason for
dismissal.[1]

            Where an intermediate appeals court
has dismissed a case without ruling on the merits, a higher appeals court may
only affirm or reverse (and remand) the judgment of dismissal, i.e., it may not address the case on the
merits.  See Brooks v. Jones, 578 S.W.2d 669, 674 (Tex. 1979); Bay v. Mecom,
393 S.W.2d 819 (Tex.
1965).  In this case, we are unable to
ascertain from the record or briefs of the parties whether a dismissal of the
appeal (as contrasted from an affirmance) by the
County Court was warranted.[2]  To the extent the County Court truly lacked
jurisdiction or was otherwise precluded from reviewing the case on the merits,
the same constraint would exist in this court. 
Conversely, we can find no indication that the County Court decided the
case on the merits in entering its dismissal. 
Because the judgment, record, and briefs before us do not enable us
either to review the dismissal or address the case on the merits, we reverse
the judgment of the County Court and remand this case to that court for entry
of judgment either stating the grounds relied upon for dismissal, if any, or
disposing of the case on the merits with an appropriate judgment, as the case
may be.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed May 23,
 2002.

Panel
consists of Justices Hudson, Fowler, and Edelman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 

 











[1]           This court originally determined
that it lacked subject matter jurisdiction to entertain appeals in license
suspension cases and dismissed this appeal, but the Texas Supreme Court thereafter
held to the contrary and remanded the case for further proceedings.  See
Parks v. Texas Dep’t of Pub. Safety, 62 S.W.3d
202 (Tex. App.—Houston [14th
Dist.] 2000), pet. granted, judgm’t vacated w.r.m. 51
S.W.3d 295 (Tex. 2001).





[2]           An appeal of a driver’s license
suspension, following an administrative hearing, requires compliance with §
524.041 of the Texas Transportation Code. 
See Tex. Transp. Code Ann. § 724.047 (Vernon
1999).  Section 524.041 provides that a
person whose driver’s license suspension is sustained may appeal the decision
by: (1) filing a petition not later than the 30th day after the date the
administrative decision is final, (2) filing a petition in a county court at
law in the county in which the person was arrested, and (3) sending a copy of
the petition by certified mail to the Texas Department of Public Safety and to
the State Office of Administrative Hearings, which copy must be certified by
the clerk of the court in which the petition is filed.  Tex. Transp. Code Ann. § 524.041(a)(b)(c) (Vernon
1999).  The record in this case reflects
that the first two foregoing requirements were met, but contains only the
allegations in Parks’s petition to show that he
complied with the third, which is also jurisdictional.  See Texas Dep’t of Pub. Safety v. Benoit, 994
S.W.2d 212, 213-14 (Tex. App.—Corpus Christi 1999, pet. denied).