NUMBER 13-02-678-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant.
v.
FRANK J. SCANIO, IIII,                                                               Appellee. 
                                                                                                             



On appeal from the County Court
of Refugio County, Texas.




                                            O P I N I O N

     Before Chief Justice Valdez and Justices Rodriguez and Garza
                           Opinion by Chief Justice Valdez
           Appellant, Texas Department of Public Safety (DPS), brings this appeal following
the county court’s order reversing the administrative law judge’s (ALJ) suspension of
appellee’s, Frank J. Scanio, III, driving license. In two issues, appellant asserts the county
court erred by: (1) “assuming subject matter jurisdiction and denying appellant’s motion
to transfer the case to district court;” and (2) “reversing the ALJ’s finding that DPS had
proven the elements of its case.” We reverse and render judgment upholding the ALJ’s
decision.
I. Factual and Procedural Background 
          This is an appeal of an administrative license suspension under the Administrative
Procedure Act based on appellee’s refusal to submit a breath specimen for an alcohol
concentration test. An administrative hearing was held, and the ALJ found sufficient
evidence to sustain the suspension. An order evidencing the ALJ’s findings was entered
on February 28, 2002. 
          Appellee properly filed an appeal of the ALJ’s order with the Refugio County Court. 
Appellant filed an answer in the appeal on April 1, 2002, and a motion to transfer venue
on October 29, 2002. The county court denied appellant’s motion to transfer venue to the
district court on October 31, 2002, and reversed the ALJ’s order suspending appellee’s
driving license by order dated November 4, 2002. Appellant filed its notice of appeal on
November 27, 2002.
II. Analysis 
1. Motion to Transfer Venue
          In its first issue, appellant asserts the county court erred by assuming subject matter
jurisdiction and denying its motion to transfer the case to the district court. To support its
proposition, appellant cites section 524.041(b) of the transportation code, which provides: 
[a] petition under Subsection (a) must be filed in a county court at law in the
county in which the person was arrested or, if there is not a county court at
law in the county, in the county court. If the county judge is not a licensed
attorney, the county judge shall transfer the case to a district court for the
county on the motion of either party or of the judge.
 
See Tex. Transp. Code Ann. § 524.041(b) (Vernon 2004) (emphasis added).
          The county court concluded appellant waived its right to have the case transferred
when it filed an answer prior to its motion to transfer venue.


 Appellant does not dispute
it filed an answer prior to its motion to transfer venue, but contends the issue is jurisdiction
rather than venue.


 Appellant asserts section 524.041(b) operates to divest the county
court’s jurisdiction when the county judge is not a licensed lawyer and a party makes a
motion. Thus, as the issue is lack of subject matter jurisdiction, it can be raised at any
time. We disagree.
Standard of Review
          Appellant’s first issue presents a question of statutory interpretation. The Court
reviews questions of statutory interpretation de novo. In re Humphreys, 880 S.W.2d 402,
404 (Tex. 1994). 
Analysis
          The right to an appeal in a license suspension proceeding does not exist in the
absence of statutory authority since the entitlement to a driver’s license is not a right, but
a privilege. Tex. Dep't of Pub. Safety v. Benoit, 994 S.W.2d 212, 214 (Tex. App.–Corpus
Christi 1999, pet. denied). When a statute creates a privilege or right not existing at
common law and prescribes a remedy to enforce the right, the courts may act only in the
manner provided in the statute which created the right. Bullock v. Amoco Prod. Co., 608
S.W.2d 899, 901 (Tex. 1980). Further, when a statute confers jurisdiction on a particular
court, it has conferred exclusive jurisdiction. Wichita County Tex. v. Hart, 917 S.W.2d 779,
782 (Tex. 1996).
          Section 524.041(b) provides that “[a] petition under Subsection (a) must be filed in
a county court at law in the county in which the person was arrested or, if there is not a
county court at law in the county, in the county court.” Tex. Transp. Code Ann. §
524.041(b) (Vernon 2004). Thus, the county court does not have jurisdiction to hear the
case if the county has a county court at law; the county court at law’s jurisdiction is
exclusive. See Hart, 917 S.W.2d at 782. When the county court is conferred with
jurisdiction, section 524.041(b) provides that “if the county judge is not a licensed attorney,
the county judge shall transfer the case to a district court for the county on the motion of
either party or of the judge.” Tex. Transp. Code Ann. § 524.041(b) (Vernon 2004). Thus,
jurisdiction is proper in either the county court or the district court upon motion of a party
or the court’s own initiative.


 See id.; see also Hart, 917 S.W.2d at 782. Therefore, the
preference to maintain the action in the county court or district court is a question of venue. 
See Wilson v. Tex. Parks & Wildlife Dep't, 886 S.W.2d 259, 260 (Tex. 1994) (venue
selection presupposes that the parties to the lawsuit have choices and preferences about
where their case will be tried and that the courts have jurisdiction).  
          An objection to venue is made through filing a motion to transfer venue. See Tex.
R. Civ. P. 86(1); Hart, 917 S.W.2d at 781. A motion to transfer venue is subject to the
due-order-of-pleadings and must be filed before or concurrently with any other plea,
pleading, or motion except a special appearance. See Tex. R. Civ. P. 86(1); First Heights
Bank, FSB v. Gutierrez, 852 S.W.2d 596, 618 (Tex. App.–Corpus Christi 1993, writ
denied). Appellant filed an answer prior to its motion to transfer venue; therefore, its
motion to transfer venue was overruled by operation of law. Id. Accordingly, we conclude
the county court correctly construed the statute and overrule appellant’s first issue.
2. ALJ’s Findings 
          In its second issue, appellant contends the county court erred by reversing the ALJ’s
finding that it had proven the elements of its case. Appellant asserts there was a
reasonable basis for the ALJ’s decision authorizing the suspension of appellee’s license. 
We agree. 
Standard of Review
          Review of an ALJ's suspension of driving privileges is made under a substantial-
evidence standard. Mireles v. Tex. Dep't of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999);
Tex. Dep't of Pub. Safety v. Struve, 79 S.W.3d 796, 800 (Tex. App.–Corpus Christi 2002,
pet. denied). Under a substantial-evidence review, the reviewing court cannot substitute
its judgment for that of the ALJ and must affirm the ALJ's decision if it is supported by more
than a scintilla of evidence. Mireles, 9 S.W.3d at 131. Thus, the issue for the reviewing
court is not whether the ALJ made a correct decision, but rather whether there is some
reasonable basis in the record for the action taken by the ALJ. Id. We have noted that the
burden for overturning an agency ruling is formidable. Tex. Dep't of Pub. Safety v. Pucek,
22 S.W.3d 63, 67 (Tex. App.–Corpus Christi 2000, no pet.). Thus, an administrative
decision may be sustained even if the evidence preponderates against it. Mireles, 9
S.W.3d at 130.  
Section 724.042
          Section 724.042 of the Texas Transportation Code provides that the issues to be
considered at an administrative hearing are whether:
(1) reasonable suspicion or probable cause existed to stop or arrest the
person;
 
(2) probable cause existed to believe that the person was:
 
          (A) operating a motor vehicle in a public place while intoxicated . . .;
 
(3) the person was placed under arrest by the officer and was requested to
submit to the taking of a specimen; and
 
(4) the person refused to submit to the taking of a specimen on request of
the officer.

Tex. Transp. Code Ann. § 724.042 (Vernon 2004). If the ALJ finds in the affirmative on
each issue, the license suspension is sustained. See id. 
Analysis
          Probable cause existed to stop appellee: he failed to signal a lane change and was 
speeding. See Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992) (a traffic
violation constitutes probable cause to stop). Probable cause existed to believe appellee
was operating a motor vehicle in a public place while intoxicated. Trooper Ireana Longoria
testified that when she stopped appellee on US 77 in Refugio County, she noticed appellee
had a strong odor of an alcoholic beverage, bloodshot eyes, a red and relaxed face, and
slightly slurred speech. See State v. Garrett, 22 S.W.3d 650, 654 (Tex. App.–Austin 2000,
no pet.) (odor of alcohol, watery eyes, and unsteadiness are signs of intoxication). Trooper
Longoria administered field sobriety tests, concluded appellee was intoxicated, and placed
appellee under arrest. At the station, appellee refused to provide a breath specimen and
signed a document entitled Statutory Warning


 evidencing his refusal.


 
          We conclude that the decision by the ALJ to suspend appellee’s license was
supported by more than a scintilla of evidence, and there was some reasonable basis in
the record for the action taken by the ALJ. See Mireles, 9 S.W.3d at 131. Accordingly, we
sustain appellant’s second issue.
III. Conclusion 
          We conclude the county court properly determined the complained-of portion of
section 524.041(b) of the transportation code is subject to the due-order-of-pleadings, but
conclude the county court committed reversible error when it overruled the ALJ’s decision. 
Accordingly, we reverse the ruling of the county court and enter judgment upholding the
ALJ’s decision. 
                                                                                                                             
                                                                        Rogelio Valdez,
                                                                        Chief Justice
Opinion delivered and filed
this 22nd day of December, 2004.