NUMBER 13-06-00207-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG

 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.
 


JAY BRIDGES, Appellee.

 


On appeal from the County Court at Law of 

San Patricio County Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela

Memorandum Opinion by Chief Justice Valdez


 Jay Bridge's driver's license was suspended for failure to submit a breath specimen. 
Tex. Trans. Code Ann. § 724.015(2) (Vernon Supp. 2006). Bridges appealed the
suspension to an administrative law judge ("ALJ"), who upheld the suspension. He then
appealed to the county court at law. The county court at law reversed the ALJ's
suspension decision.

 The Texas Department of Public Safety ("the Department") appeals from the county
court at law's order reversing the ALJ's decision. By three issues, the Department
contends that (1) the trial court lacked jurisdiction because Bridges's appeal was not timely
filed; (2) by not objecting to the Department's evidence at the ALJ hearing, Bridges waived
his right to complain to the trial court; and (3) the trial court erroneously applied the rules
of criminal procedure regarding indictments to drivers license suspension cases. We
reverse the judgment of the county court and reinstate the ALJ's decision.

I. BACKGROUND


 On September 4, 2005, Officer Baudencio Lee Cardenas stopped Bridges for
running a stop sign. Upon approaching Bridges, Officer Cardenas detected a strong odor
of alcohol and noticed Bridges had slurred speech and bloodshot eyes. Bridges refused
to perform a field sobriety test and was arrested. When they arrived at the police station,
Officer Cardenas asked Bridges for a breath specimen; Bridges refused to provide one. 
His driver's license was then suspended. 

 Bridges contested his license suspension through an administrative hearing. At the
hearing, Officer Cardenas's sworn report and Bridges's driving record were admitted into
evidence without objection. The ALJ found the evidence sufficient to maintain the
suspension of Bridges's driver's license; she signed and issued her decision on December
19, 2005. Bridges faxed his appeal of the ALJ's decision to the County Court of San
Patricio County, Texas on January 18, 2006 at 6:32 p.m. 

 Before the county court at law, the Department argued that Bridges's appeal was
filed a day after the deadline because offices at the courthouse closed at 5:00 p.m. The
deputy clerks file-marked the appeal as filed on January 19, 2006. The Department
maintained that the court lacked jurisdiction to review the ALJ's decision due to the
untimeliness of Bridges's appeal. The county court at law ruled that it had jurisdiction over
the matter. After hearing arguments and reviewing the record, the county court at law ruled
that the license suspension was not supported by substantial evidence and reversed the
administrative decision. This appeal ensued. 

II. DISCUSSION

A. Standard of Review

 The department's first issue presents a question of statutory interpretation. We
review questions of statutory interpretation de novo. In re Humphreys, 880 S.W.2d 402,
404 (Tex. 1994). 

B. Applicable Law

 The right to an appeal in a license suspension proceeding does not exist in the
absence of statutory authority because the entitlement to a driver's license is not a right,
but a privilege. Tex. Dep't of Pub. Safety v. Benoit, 994 S.W.2d 212, 214 (Tex.
App.-Corpus Christi 1999, pet. denied). When a statute creates a privilege or right not
existing at common law and prescribes a remedy to enforce the right, the courts may act
only in the manner provided in the statute which created the right. Bullock v. Amoco Prod.
Co., 608 S.W.2d 899, 901 (Tex. 1980). 

 The Department's first issue challenges the jurisdiction of the county court at law to
hear Bridge's appeal based upon his failure to adhere to statutorily imposed deadlines. 
Transportation code section 524.041(a) provides that "[a] person whose driver's license
suspension is sustained may appeal the decision by filing a petition not later than the 30th
day after the date the administrative law judge's decision is final." Tex. Transp. Code Ann.
§ 524.041(a) (Vernon 2007). An ALJ's decision is final when issued and signed. Id. at §
524.035(e) (Vernon 2007). 

 An appellant from an administrative hearing must abide by the procedural rules that
the legislature has prescribed. See generally Benoit, 994 S.W.2d at 214. Benoit, like the
instant case, involved an appeal from a driver's license suspension and a challenge to the
trial court's jurisdiction. Id. In Benoit, the relevant portion of the statute required that, "[a]
person who files an appeal under this section shall send a copy of the petition by certified
mail to the department and to the State Office of Administrative Hearings at each agency's
headquarters in Austin." Tex. Transp. Code Ann. § 524.041(c). In Benoit, the trial court
appellants did not serve certified copies of their petitions to the office of state administrative
hearings. (1) Moreover, they conceded in their briefs that they did not serve such copies. 
Benoit, 994 S.W.2d at 214. We held that the county court at law was without jurisdiction
to entertain the appeal because the trial court appellants failed to follow the statutory
requirements. Id. 

 An instrument is deemed filed when it is placed in the custody or control of the clerk.
Standard Fire Ins. Co v. LaCoke, 585 S.W.2d 678, 681 (Tex. 1979); see also Jamar v.
Patterson, 868 S.W.2d 318, 319 (Tex. 1993) (reaffirming the directive that a document is
filed when it is tendered to the clerk or otherwise put under the custody or control of the
clerk); Strawder v. Thomas, 846 S.W.2d 51, 58 (Tex.App.-Corpus Christi 1992, no pet.)
(recognizing that an instrument is effective as filed when it has been received into the
custody of the clerk of the court for filing). 

C. Analysis

 In the instant case, Bridges filed his appeal with the county court at law at 6:32 p.m.
on the 30th day after the ALJ's decision became final. While Bridges's appeal was no
doubt sitting in the clerk's office, after closing time, on the evening of the 30th day after the
ALJ's decision, we cannot determine whether a deputy clerk exercised any control or
custody over the appeal. See Strawder, 846 S.W.2d 57-58 (noting that the clerk accepted
a facsimile filing during business hours and file stamped it with the date and time of its
receipt); accord Tex. R. Civ. P. 21a (providing that "[s]ervice by telephonic document
transfer after 5:00 p.m. local time of the recipient shall be deemed served on the following
day."). We hold that Bridge's appeal was not timely filed. Therefore, the county court at
law did not have jurisdiction to hear Bridges's appeal. The Department's first issue is
sustained. (2)

III. CONCLUSION

 The judgment of the county court is reversed, and the ALJ's decision is reinstated.



 _______________________

 ROGELIO VALDEZ,

 Chief Justice



Memorandum Opinion delivered and filed 

this the 5th day of July, 2007.


 
1. Benoit involved multiple individuals who had their drivers' licenses suspended. Benoit, 994 S.W.2d
at 213. Their appeals were consolidated and argued together because they involved similar facts and legal
issues. Id.
2. We do not address the Department's second and third issues, for their resolution would not further
affect the outcome of this appeal. Tex. R. App. P. 47.1.