**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Laura SMITH, Appellee.**

**NUMBER 13–16–00082–CV**

Court of Appeals of Texas,
Corpus Christi-Edinburg.

May 4, 2017

Kevin Michael Givens, Supervising Attorney, ALR Appeals, Texas Dept. of Public Safety, Austin, for Appellant.

Brandy Wingate Voss, Law Offices of Brandy Wingate Voss, PLLC, McAllen, for Appellee.

Before Justices Rodriguez, Contreras, and Longoria

## OPINION

Opinion by Justice Contreras

We issued our original opinion in this case on February 23, 2017. Appellant, the Texas Department of Public Safety (the "Department"), and appellee Laura Smith have each filed motions for rehearing. *See* Tex. R. App. P. 49.1. We deny the motions for rehearing but withdraw our prior opinion and judgment and substitute the following opinion and accompanying judgment in their place.

The Department challenges the county court's reversal of an administrative decision to uphold the 180–day suspension of Smith's driver's license. By four issues, the Department argues: (1) the court lacked jurisdiction because Smith did not send a copy of her petition to the State Office of Administrative Hearings ("SOAH"); (2) the court erred by finding that the Department did not need to be served with notice of the final hearing; (3) the court's judgment was erroneous because Smith did not notify the Department of the hearing, nor did she notify the Attorney General's Office of her intent to take a default judgment against the Department; and (4) the court erred in finding that the administrative decision was not supported by substantial evidence. We reverse and remand.

## I. Background

On May 21, 2015, police officer Ricky Cervantes of the Mercedes Police Department pulled Smith's vehicle over as she was driving from Brownsville to McAllen. Cervantes asked Smith to provide a breath specimen, but she refused, and Cervantes arrested her for driving while intoxicated ("DWI"). *See* Tex. Penal Code Ann.

§ 49.04(a) (West, Westlaw through 2015 R.S.). Because Smith refused the officer's request to provide a breath specimen, her driver's license was automatically suspended for 180 days. *See* TEX. TRANSP. CODE ANN. § 724.035(a)(1) (West, Westlaw through 2015 R.S.).

Smith contested the suspension in an administrative hearing, but the administrative law judge ("ALJ") upheld the suspension. *See id.* § 724.041–.042 (West, Westlaw through 2015 R.S.). Smith then filed a "Petition of Appeal From Driver's License Suspension or in the Alternative Petition for Occupational Driver's License" in the Hidalgo County Court at Law Number Two. *See id.* § 521.242 (West, Westlaw through 2015 R.S.) (regarding petition for occupational license); *id.* § 524.041 (West, Westlaw through 2015 R.S.) (providing for appeal of administrative decision sustaining driver's license suspension). She argued in particular that the record before the ALJ lacked substantial evidence showing that the officer had probable cause to stop her vehicle. *See id.* § 724.042(1) (stating that the issues to be considered in an administrative hearing on a driver's license suspension based on refusal to provide a blood or breath specimen include whether "reasonable suspicion or probable cause existed to stop or arrest the person"); *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999) ("[C]ourts review administrative license suspension decisions under the substantial evidence standard."); *see also* TEX. GOV'T CODE ANN. § 2001.174(E) (West, Westlaw through 2015 R.S.) (providing that, under the substantial evidence standard, a trial court "shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because" an administrative ruling is "not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole").

Smith sent copies of her petition, dated October 16, 2015, to the Hidalgo County District Attorney's Office and to the Department. On October 22, 2015, the county court sent notice of a hearing on Smith's petition, to be held on October 29, 2015, to Smith's counsel and to the District Attorney.[1]

Smith's attorneys and an Hidalgo County assistant district attorney appeared at the October 29 hearing, which was before any pleadings responsive to Smith's petition had been filed. The Department was not represented at the hearing. Smith's attorneys presented the court with copies of the documentary evidence submitted at the administrative hearing,[2] along with a copy of the ALJ's ruling. At the conclusion

---

1. A docket entry contained in the record shows that notice of the hearing was sent via email to Smith's counsel and to the District Attorney. In its brief, the Department refers to an affidavit by its trial counsel purportedly showing that the Department never received notice of the hearing, but we can locate no such affidavit in the record. In any event, Smith does not dispute that the Department was not notified of the hearing.

2. According to Smith's lead counsel, the administrative hearing was a brief telephonic hearing at which no testimony was taken. Instead, according to counsel, the only evidence considered by the ALJ at the hearing was Cervantes's sworn police report, which included two attachments: (1) an affidavit by Raymundo Garcia, and (2) a "Statutory Warning" form signed by Smith confirming that she denied a request for a breath specimen. Cervantes's report, which was written by hand on a standard form, appears to state under "Probable cause for arrest or detention" that Smith emitted an odor of alcohol, had red bloodshot eyes, and failed field sobriety tests. However, the space under "Reasonable suspicion to stop or make contact" was left blank. Garcia's affidavit states that, prior to Cervantes's stop of Smith, Cervantes "was passed" by Smith's vehicle "at approximately 89 miles per hour." The affidavit states that Cervantes smelled an odor of alcohol on

of the hearing, the court emphasized that "[t]here's nobody here on behalf of the Department of Public Safety to make any argument," and it orally found in favor of Smith.

Three days later, on November 2, 2015, the Department's counsel filed a plea to the jurisdiction and answer to Smith's petition in which it argued, in part, that the county court lacked jurisdiction over the proceeding because Smith failed to meet the mandatory requirements of section 524.041 of the transportation code. *See* Tex. Transp. Code Ann. § 524.041. In particular, the Department complained that Smith had not served her petition upon the Department or the SOAH as required by that statute. *See id.* The Department's pleading also generally denied Smith's contention that the ALJ's ruling was not supported by substantial evidence.

The county court subsequently issued a written judgment concluding that the ALJ's ruling was not supported by substantial evidence and reinstating Smith's driver's license. The Department filed a motion for new trial which was denied by operation of law, *see* Tex. R. Civ. P. 329b(c), and it then perfected this appeal.

## II. Discussion

### A. County Court Jurisdiction

■ By its first issue, the Department contends that the county court

lacked subject-matter jurisdiction because Smith failed to send notice of her administrative appeal in that court to the SOAH.[3] We review questions of subject-matter jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex. 2004).

Transportation code section 524.041, which authorizes an appeal of an ALJ's decision on a driver's license suspension, states: "A person who files an appeal under this section shall send a copy of the petition by certified mail to the [D]epartment and to the [SOAH] at each agency's headquarters in Austin." Tex. Transp. Code Ann. § 524.041(c). In 1999, we held that this requirement was mandatory and failure to comply with it deprived the county court of jurisdiction. *Tex. Dep't of Pub. Safety v. Benoit,* 994 S.W.2d 212, 214 (Tex. App.–Corpus Christi 1999, pet. denied).

Subsequently, the Texas Supreme Court observed in *Dubai Petroleum Co. v. Kazi* that deeming a provision jurisdictional "opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment." 12 S.W.3d 71, 76 (Tex. 2000) (citing Restatement (Second) of Judgments § 12 cmt. b (1982)). The *Dubai* Court noted instead that "the modern direction of policy is to reduce the

Smith, that Smith "performed poorly" on field sobriety tests, and that she "showed signs of intoxication." The affidavit does not state the basis of Garcia's knowledge. On appeal, Smith argues that the administrative record lacked substantial evidence of reasonable suspicion to stop her because there was no "evidence of the speed limit, the amount of traffic, or other details regarding Smith's driving." We need not decide whether the ALJ's ruling was supported by substantial evidence because of our disposition of the Department's other issues. *See* Tex. R. App. P. 47.1.

3. As noted, the Department argued in its trial court pleadings that Smith failed to send copies of her petition of appeal to either the Department or the SOAH. The certificate of service on Smith's petition states only that it was served on the Hidalgo County District Attorney's Office. However, at the October 29, 2015 hearing, Smith's attorneys produced a United States Postal Service return receipt purportedly showing that a copy of the petition was sent to the Department at its Austin headquarters on October 22, 2015. In this appeal, the Department does not dispute that it timely received a copy of Smith's petition.

vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction." *Id.* (citing RESTATEMENT (SECOND) OF JUDGMENTS § 11 cmt. e). Because of these consequences, the Texas Supreme Court has been "reluctant to conclude that a provision is jurisdictional, absent clear legislative intent to that effect." *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009) (citing *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 83 (Tex. 2008); *Dubai*, 12 S.W.3d at 75–76).

In *Roccaforte v. Jefferson County*, the supreme court found that a statute requiring a plaintiff suing a county to provide written notice of the suit to the county judge and the local county or district attorney was not jurisdictional because the requirements could only be satisfied after suit is filed. 341 S.W.3d 919, 925 (Tex. 2011). That case involved a local government code provision requiring notice to be "delivered by certified or registered mail by the 30th business day after suit is filed." *Id.* (citing TEX. LOC. GOV'T CODE ANN. § 89.0041(b) (West, Westlaw through 2015 R.S.)). The statute also provides that "[i]f a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official." TEX. LOC. GOV'T CODE ANN. § 89.0041(c). The fact that "a county can waive a party's noncompliance" with the notice requirement confirms that "compliance with the notice requirements is not jurisdictional." *Roccaforte*, 341 S.W.3d at 926. The Court observed that government code section 311.034 "applies to *prerequisites* to suit, not notice requirements that can be satisfied only *after* suit is filed." *Id.* at 926 (citing TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2015 R.S.) ("Statutory prerequisites to a suit, including the provision of notice, are juris-

dictional requirements in all suits against a governmental entity.")).

The notice requirement at issue here does not explicitly provide that the court below may dismiss the cause only upon a motion to dismiss made by the defendant, as did the statute at issue in *Roccaforte*. *Compare* TEX. TRANSP. CODE ANN. § 524.041(c) *with* TEX. LOC. GOV'T CODE ANN. § 89.0041(c). Nevertheless, it is clear that, as in *Roccaforte*, the section 524.041(c) notice requirement is not a prerequisite to suit but instead may only be accomplished *after* suit is filed. *See* TEX. TRANSP. CODE ANN. § 524.041(c). In particular, the statute provides that the copy of the petition to be sent to the SOAH "must be certified by the clerk of the court in which the petition is filed," a task which can necessarily be done only after suit is filed. *See id.* ("A person who files an appeal under this section shall send a copy of the petition by certified mail to the department and to the State Office of Administrative Hearings at each agency's headquarters in Austin. The copy must be certified by the clerk of the court in which the petition is filed."). Accordingly, in light of the Texas Supreme Court's holdings in *Dubai*, *DeSoto*, and *Roccaforte*, we disavow *Benoit* and conclude that the section 524.041(c) notice requirement is not jurisdictional because there is no clear legislative intent to that effect. *See Roccaforte*, 341 S.W.3d at 925–26; *DeSoto*, 288 S.W.3d at 393; *Dubai*, 12 S.W.3d at 76.

The Department additionally contends that the county court lacked jurisdiction because Smith failed to obtain an official copy of the record of the administrative hearing. It suggests that, without a certified copy of the administrative record from SOAH, "there was no way for the trial court to ascertain whether the documents provided by Smith were offered or admitted at the administrative hearing, whether

there were any objections made or sustained to the documents, or whether the documents comprised the whole of the evidence presented to the ALJ." The Department notes that, in reviewing an appeal of an administrative decision, the county court's review must generally be "on the record certified by the [SOAH] with no additional testimony." TEX. TRANSP. CODE ANN. § 524.043(a) (West, Westlaw through 2015 R.S.); *see* TEX. GOV'T CODE ANN. § 2001.175(e) (West, Westlaw through 2015 R.S.) ("A court shall conduct the review sitting without a jury and is confined to the agency record, except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency that are not reflected in the record."). It also notes that the SOAH is responsible for providing a copy of the official administrative record to the court. *See* TEX. GOV'T CODE ANN. § 2001.175(b) ("After service of the petition on a state agency and within the time permitted for filing an answer or within additional time allowed by the court, the agency shall send to the reviewing court the original or a certified copy of the entire record of the proceeding under review.").

■ We agree with the Department that, if the court was not presented with the entire administrative record, the court would not be able to conduct a meaningful review of the ALJ's decision. *See, e.g., Tex. Dep't of Pub. Safety v. Story,* 115 S.W.3d 588, 598 (Tex. App.–Waco 2003, no pet.) ("[A] party seeking review of an adverse administrative determination does not receive a 'meaningful' appeal if the reviewing court affirms the challenged decision without the 'entire record' as contemplated by Section 2001.175(b), at least when the parties have not stipulated to a 'shortened record.' " (citing TEX. GOV'T CODE ANN. § 2001.175(b)). But that does not mean the failure to present the administrative rec-

ord deprives the court of jurisdiction. The statute requiring the SOAH to provide a copy of the administrative record states that it is done "[a]fter service of the petition...." TEX. GOV'T CODE ANN. § 2001.175(b). Accordingly, the requirement is not jurisdictional. *See Roccaforte,* 341 S.W.3d at 925–26; *DeSoto,* 288 S.W.3d at 393; *Dubai,* 12 S.W.3d at 76.

■ In any event, the record reflects that the county court was presented with the entire administrative record in this case. Smith's lead counsel stated at the October 29, 2015 hearing that there was no testimony taken at the administrative hearing, and that the only evidence admitted for the ALJ's consideration was Cervantes's sworn police report which was accompanied by two exhibits. Smith then offered a copy of that police report, with its exhibits, into evidence, and the court admitted it without objection. This was sufficient to allow the court to make a meaningful review of the ALJ's ruling. *See Tex. Dep't of Pub. Safety v. Guajardo,* 970 S.W.2d 602, 605 (Tex. App.–Houston [14th Dist.] 1998, no pet.) (holding that, "where neither party offers the record of an administrative hearing into evidence, but the record has been filed with the district court clerk and the statement of facts and court order leave no doubt that both parties relied on the record in their arguments and that the court based its decision on the record, the appeals court should treat the record as if it had been admitted into evidence").

■ Moreover, Smith's failure to obtain an official or certified copy of the administrative record from the SOAH is not jurisdictional but instead may be waived. *See Tex. Dep't of Pub. Safety v. Duggin,* 962 S.W.2d 76, 79 (Tex. App.–Houston [1st Dist.] 1997, no pet.) ("Without an objection below, DPS cannot argue for the first time in this Court that the county court did not

base its opinion on the administrative record."). Because the Department did not appear at the October 29 hearing, it has not preserved, for purposes of this appeal, any complaint it may have that the county court failed to base its decision on the official administrative record. *See id.*; *see also* Tex. R. App. P. 33.1.[4]

We conclude that the county court had subject-matter jurisdiction over Smith's appeal. The Department's first issue is overruled.

### B. Notice of Final Hearing

■ By its second issue, the Department contends that the county court erred in finding that the Department did not need to be served with notice of the final hearing.[5] By part of its third issue, the Department contends that the trial court erred by rendering a default judgment without providing such notice. We construe these issues together as complaining that the court erred in denying the Department's motion for new trial, which argued in part that its due process rights were violated because it did not receive notice of the final hearing. Denial of a motion for new trial is reviewed for abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

### 1. October 29, 2015 Hearing

As noted, Smith sent copies of her petition, which requested an appeal of the administrative ruling as well as an occupational license, to the Hidalgo County District Attorney's Office and to the Department. Before the Department received its copy of the petition, the trial court set a hearing on Smith's petition, for 9:00 a.m. on October 29, 2015.

Smith's attorneys and an assistant district attorney appeared at the October 29 hearing, but counsel for the Department did not appear. At the beginning of the hearing, the assistant district attorney requested that the hearing be reset because "the State hasn't received any documentation from [the administrative proceeding]." Smith's counsel then offered Cervantes's sworn police report, along with its two exhibits, and stated that it was the only evidence before the ALJ. The following colloquy then occurred:

[Assistant District Attorney]: Your Honor, I have no way of verifying that, Your Honor, if this was . . . the only piece of document submitted or if this is an exact copy. I just can't verify that, Your Honor.

[Smith's counsel]: Well, Your Honor, I believe that these documents would also be contained in the underlying record because this would be the basis for the DWI. These are the three documents that are contained in the DWI record.

THE COURT: Right.

[Smith's counsel]: And, basically, they speak for themselves. I would think that the district attorney would have—

---

4. Although the issue of Smith's failure to obtain an official or certified copy of the administrative record was not preserved for purposes of this appeal, the Department is not precluded from raising this issue on remand, in light of our conclusion herein that the Department was not provided notice of the final hearing.

5. The final judgment stated in part: "Because by statute a district or county attorney 'may' represent the Department, notice of the hearing was properly and timely provided to the Hidalgo County District Attorney. Tex. Transp. Code Ann. § 524.041(e) ('A district or county attorney may represent the department in an appeal.')[.]"

[Assistant District Attorney]: Your Honor, this is a brand new case, Your Honor, that's in Court 4, and they would have the file to verify what was in there, what the police officer did or didn't do.

THE COURT: Even so, what happens, usually, on these types of case— these are pretty unique cases that come to the Court on these appeals. Usually what happens, and what's happened in the past in this court, and many other courts, is [the Department's counsel] usually takes care of these appeals. I don't know if she was notified or if the State was notified. Really, it's not even the district attorney's office that handles these appeals. I don't know if she was given notice or not, but—

[Smith's counsel]: Yes, Your Honor. We have a copy—we did everything by the book, Your Honor.

THE COURT: Sure.

[Smith's counsel]: We sent a certified copy to the State and—we sent a certified copy and we got the green card back that says that they received it. So we did it by the book. So we're here. We're here to proceed.

[Assistant District Attorney]: Your Honor, my only question is—the State didn't receive a copy and the district attorney's office didn't.

THE COURT: But that was set, [counsel]—and I think that's the point I'm making. This is not a district attorney's issue. This is filed with [the Department], right?

[Smith's counsel]: Yes, Your Honor. And the statute requires that we send copy to [the Depart-

ment] and we complied with the statute.

[Assistant District Attorney]: Then, Your Honor, if I'm not the proper person to be arguing this, Your Honor—is that what I'm understanding?

[Smith's counsel]: I guess, Your Honor, then we'd proceed with the default at this time.

THE COURT: Let me call the case and see if there's anybody here on behalf DPS to argue that. If not, we move forward.

All right. [Bailiff], will you call out anybody in reference to In Re: Laura Smith and if there's any representation on behalf of the Department of Public Safety?

. . . .

BAILIFF: I announced anybody in regards to Laura Smith, an occupational license hearing, Department of Public Safety, nobody answered. Called out three times.

The trial court then admitted Cervantes's police report as evidence, along with the ALJ's ruling and the return receipt showing the Department had been provided with a copy of the petition. Smith's counsel then offered argument as to why the ALJ's ruling should be reversed. Finally, the court remarked as follows:

Very well. The Court, at this time, is granting your motion and we'll wait for the order on that. And the Court, for the record, will make sure that the record speaks loud, clearly, in that the name was called outside courtroom door three times. There's been no response. There's nobody here on behalf of the Department of Public Safety to make any argu-

ment. Therefore, the Court is hereby granting that motion.

## 2. Analysis

■ The Department argues on appeal that Smith "circumvent[ed] the Department's participation in the appeal by filing a copy of the petition with the Department and thereafter unilaterally directing all correspondence only to the district attorney's office." It contends that its due process rights were violated by the entry of a default judgment without notice. In response, Smith contends that the District Attorney was the Department's "statutorily presumptive counsel" and therefore that the Department was properly notified of the October 29 hearing because the District Attorney was notified.

■ When a party appeals from an administrative ruling on a driver's license suspension, the Department is the respondent. *See* TEX. TRANSP. CODE ANN. § 535.041(e). Transportation code section 535.041(e) states that "[a] district or county attorney may represent the department" in such an appeal. *Id.* But that does not mean that the appellant or the court may unilaterally decide which entity represents the Department. Here, the Department argues that it did not consent to representation by the Hidalgo County District Attorney's Office, and the record supports that contention. In fact, at the October 29 hearing, the county court specifically advised the assistant district attorney of the name of the Department's own attorney that "usually takes care of these appeals." The court itself explicitly recognized that the assistant district attorney was not representing the Department at the hearing, noting that "[t]here's nobody here on behalf of the Department of Public Safety to make any argument."

We agree with the Department that, under these circumstances, "the mere presence of the assistant district attorney does not establish a presumption that the Hidalgo County District Attorney appeared as a representative of the Department" in Smith's appeal. Accordingly, the Department was entitled to notice of the hearing, and its due process rights were violated when judgment was rendered without such notice. *See, e.g., In re K.M.L.*, 443 S.W.3d 101, 118–19 (Tex. 2014) ("If a timely answer has been filed in a contested case or the defendant has otherwise made an appearance, due process rights are violated when a judgment is subsequently entered without the party having received notice of the setting of the case."); *see also Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections. Failure to give notice violates the most rudimentary demands of due process of law." (citations omitted)).

Smith argues that the Department and the District Attorney's Office are at fault for any confusion because they did not communicate with each other and with the court "despite their knowledge of the alleged error and awareness that the County Court would set the appeal for a hearing." She alleges that those entities failed to fulfill their duties "to notify the court of changes in the counsel of record, and to exercise due diligence in checking on the status of their case." We disagree. The record reflects that the Department was not served with Smith's petition until October 22, which is the same day the trial court set the hearing. Moreover, though the Department timely filed an answer to Smith's petition, *see* TEX. R. CIV. P. 99b, it is undisputed that it was never notified of

the October 29 hearing. And, as noted, the court made clear to the assistant district attorney at the October 29 hearing that he was not representing the Department at that time.[6]

In her motion for rehearing, Smith argues that our conclusion herein conflicts with *Texas Department of Public Safety v. Butler*, 941 S.W.2d 318 (Tex. App.–Corpus Christi 1997, no writ). In *Butler*, the Department appealed an order expunging Butler's arrest record. *Id.* at 319. The Department was notified of the expungement petition and the final hearing but did not file an answer or appear at the hearing; instead, only an assistant district attorney appeared at the hearing. *Id.* On appeal, Butler argued in part that the Department "had no standing" to prosecute the appeal because it did not answer the petition or attend the hearing. *Id.* at 320. We disagreed, holding in part that the Department "was present at the hearing through the presence of the [district attorney]" and therefore had standing to appeal. *Id.* We noted that, although the expunction statute "allows each law enforcement agency cited to represent itself, rather than being forced to rely on the district attorney to represent its interest at the hearing," that does not imply that the Department "in the absence of a separate appearance, [is] not in fact represented by the [district attorney]." *Id.*

The case at bar is distinguishable from *Butler* because it is not an expunction case.

In *Butler*, we noted that the district attorney is the "primary representative for the State and thus for the interests of all the various state agencies that may protest the expunction" because, "[h]aving originally prosecuted the criminal action, [it] is in the best position to defend against expunction of the record." *Id.* That is not true for administrative decisions on driver's license suspensions. Although the statute provides that the Department "may" be represented by the district attorney in appeals of such decisions, *see* TEX. TRANSP. CODE ANN. § 524.041(e), the Department is the entity that prosecuted Smith's license suspension and the administrative hearing, whereas the district attorney was not involved in those proceedings.

*Butler* is also distinguishable because notice to the Department was not at issue in that case. *See* 941 S.W.2d at 319. There, the Department received notice of the hearing but elected not to appear, thereby arguably assenting to representation by the district attorney. *See id.* Here, the Department was not notified of the hearing and therefore was never given the option of whether to appear on its own behalf in the trial court.

We conclude that the trial court abused its discretion by denying the Department's motion for new trial because it was not provided with notice of the final hearing.[7] We sustain the Department's second issue and part of its third issue.[8]

---

**6.** The Department notes that the assistant district attorney may have believed he was notified of the hearing because of Smith's request for an occupational license. *See* TEX. TRANSP. CODE ANN. §§ 521.243–.244 (West, Westlaw through 2015 R.S.) (stating that occupational license proceedings may be ex parte, but requiring notice to the "attorney representing the state" if the petitioner's license was suspended following a conviction for certain criminal offenses).

**7.** Smith disputes that the county court's judgment was a default judgment, noting that the final judgment states that the ALJ's ruling was not supported by substantial evidence. We need not decide whether the judgment was default in nature because, in any event, the Department was entitled to notice of the final hearing. *See* TEX. R. APP. P. 47.1.

**8.** In light of our conclusion, we need not address the remainder of the Department's third issue or its fourth issue because they are not dispositive of this appeal. *See id.*

### III. CONCLUSION

Having concluded that the county court had jurisdiction over the appeal of the administrative ruling, but that the Department's due process rights were violated because it did not receive notice of the final hearing, we reverse the court's judgment and remand for further proceedings consistent with this opinion.