

**NUMBER 13-18-00326-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **TEXAS DEPARTMENT OF PUBLIC SAFETY,** | **Appellant,** |
| **v.** | |
| **MANUEL ALFARO,** | **Appellee.** |

On appeal from the 139th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant, the Texas Department of Public Safety (the Department), argues on appeal that the trial court erred by granting appellee Manuel Alfaro's petition for expunction. We reverse and render.

**I. BACKGROUND**

Alfaro was arrested on December 20, 2009, and later charged with possession of a controlled substance (cocaine), a state jail felony, possession of marijuana, a class B misdemeanor, and possession of a prohibited weapon (switchblade/knuckles), a class A misdemeanor. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115, 481.121; TEX. PENAL CODE ANN. § 46.05(a)(2). Pursuant to a plea agreement, the possession of marijuana and possession of a prohibited weapon charges were dismissed, and Alfaro pleaded guilty to the possession of a controlled substance charge. The trial court sentenced Alfaro to deferred adjudication community supervision for a period of five years.

On March 6, 2018, Alfaro filed a petition to expunge the records of the dismissed misdemeanor offenses arising out of the December 20, 2009 arrest. The Department filed an answer denying that he was entitled to an expunction of the misdemeanor arrest records because Alfaro served a term of community supervision for the possession of a controlled substance charge out of that same arrest. On June 19, 2018, the trial court signed an order granting expunging the records of the dismissed offenses. The Department appealed.

## II. RESTRICTED APPEAL

### A. Standard of Review

Restricted appeals are governed by Rule 30 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 30. When a party does not participate in person or through counsel in a hearing that results in a judgment, that party may be eligible for a restricted appeal. *See id*. When addressing a restricted appeal, our review is limited to the face of the record. *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–

2

Edinburg 2016, no pet.). For these purposes, the "face of the record" consists of all papers that were before the trial court at the time it rendered judgment. *Id*.

To sustain a restricted appeal, the filing party must prove: (1) the party filed notice of the restricted appeal within six months after the judgment was signed; (2) the party was a party to the underlying lawsuit; (3) the party did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the fact of the record. TEX. R. APP. P. 26.1(c), 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

## B.     Applicable Law and Discussion

In order to be entitled to a restricted appeal, the Department must meet the criteria related to a restricted appeal. We agree that the Department filed a notice of restricted appeal within six months of the judgment and that it was a party to the underlying lawsuit, thereby meeting the first two prongs required. The third prong requires the Department to show it did not participate in the hearing, file any post-judgment motions, or request findings from the trial court. *See Pike-Grant*, 447 S.W.3d at 886.

We are required to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal. *Pike-Grant*, 447 S.W.3d at 886; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–45 (Tex. 1985). The question is whether the appellant participated in the decision-making event that resulted in the judgment or adjudication of the appellant's rights. *Stubbs*, 685 S.W.2d at 644; *In re B.H.*B., 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied). A restricted appeal is not an equitable

3

proceeding. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996). An appellant [in a restricted appeal] "is not required to show diligence or lack of negligence before its complaints will be heard . . . [because] it is the fact of nonparticipation, not the reason for it, that determines the right to [a restricted appeal]." *Id.*; *see In re Marriage of Butts*, 444 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 291 (Tex. App.—Waco 2014, no pet.); *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 40 (Tex. App.—San Antonio 2011, no pet.); *see also Texas Dep't of Pub. Safety v. Schuetze*, No. 13-17-00661-CV, 2019 WL 150650, at *2–3 (Tex. App.—Corpus Christi–Edinburg Jan. 10, 2019, pet. denied).

Neither the District Attorney nor the Department appeared at the hearing, however, Alfaro's counsel stated that the District Attorney did not oppose the expunction. It was noted at the hearing that the Department filed an answer challenging the original petition for expunction. Because the Department in Alfaro's case did not agree to the expunction, we find it meets the third prong of the requirements for a restricted appeal.[1]

Having concluded the Department meets the first three requirements, we now turn to whether error is apparent on the face of the record.

---

[1] An entity described in the expunction statute "may be represented by the attorney responsible for providing the entity with legal representation in other matters." *See* Tex. Code Crim. Proc. Ann. art. 55.01 § 2(c-1) (emphasis added). Under this provision, the District Attorney does not automatically represent the Department in an expunction proceeding. *See, e.g., Tex. Dep't of Pub. Safety v. Smith*, 533 S.W.3d 488, 496 (Tex. App.—Corpus Christi–Edinburg May 4, 2017, no pet.).; *Tex. Dep't of Pub. Safety v. J.B.R.*, 510 S.W.3d 610, 616 (Tex. App.—El Paso 2016, no pet.); *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108 (Tex. App.—San Antonio 1997, no writ); *Tex. Dep't of Pub. Safety v. Katapodis*, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no writ). Our decision in *Texas Department of Public Safety v. Espinoza* is distinguishable from these cases. *See* No. 13-08-00393-CV, 2009 WL 2545884, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2009, no pet.) (mem. op.). In *Espinoza*, the issue was not briefed or raised by the parties and it is not clear from the record whether there was an agreement regarding representation between the District Attorney and the Department. *See id.* In this regard, agreements or putative agreements regarding representation of the Department by the District Attorney are handled on a case-by-case basis given the discretionary nature of the statute and the differing factual scenarios that might be presented. *See* Tex. Code Crim. Proc. Ann. art. 55.02 § 2(c-1).

4

### III.    EXPUNCTION

By two issues, the Department argues that Alfaro was not entitled to an expunction of the dismissed charges from his December 20, 2009 arrest because: (1) Alfaro served a term of court-ordered supervision for a charge arising out of the arrest, and (2) the expunction is not supported by legally sufficient evidence.

### A.    Standard of Review and Applicable Law

Generally, we review a trial court's expunction ruling for an abuse of discretion. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). However, to the extent an expunction ruling turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)); *Travis Cty. Dist. Atty. v. M.M.*, 354 S.W.3d 920, 922 (Tex. App.—Austin 2011, no pet.). Under a de novo standard, we conduct an independent analysis of the record, giving no deference to the trial court's conclusions. *See Quick v. City of Aus*tin, 7 S.W.3d 109, 116 (Tex. 1998). Statutory construction is also a question of law that requires de novo review. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003).

The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and released, and who meets certain other conditions, to have all records and files related to that arrest removed from the government's records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *see also Ex parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Ex parte Vega*, 510 S.W.3d at 548. As in other civil proceedings, it is the petitioner's burden

5

to show that all the statutory conditions have been met. *Id*. And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction are mandatory and exclusive. *Id*. It is an abuse of discretion for the trial court to order expunction when the statutory conditions have not been met because the court possesses "no equitable power to permit expunction where it is not allowed" by statute. *Id*.; *see also Schuetze*, 2019 WL 150650 at *3.

Article 55.01(a) of the expunction statute governs a petitioner's right to expunction and provides, in relevant part, that:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> > (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor . . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01(a).

## B.    Analysis

To establish entitlement to expunction under article 55.01(a)(2), Alfaro was required to prove that: (1) he has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under article 42.12 of the Texas Code of Criminal Procedure. *See id*. art. 55.01(a)(2)(A); *see also Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 626 (Tex. App.—Austin 2014, pet. ref'd). Individual charges within an arrest are not subject to expunction, but rather an arrest can only be expunged if every offense

6

arising from that arrest meets the requirements of article 55.01. *S.J. v. State*, 438 S.W.3d 838, 845 (Tex. App.—Fort Worth 2014, no pet.); *see Ex parte Vega*, 510 S.W.3d at 548.

The Department argues that Alfaro was barred from expunging his arrest records from December 20, 2009 because the arrest resulted in court-ordered community supervision for one of the charges arising out of the arrest. Article 55.01(a) begins by providing that "[a] person who has been placed under a custodial or noncustodial arrest" may "have *all* records and files relating to *the arrest*" expunged if certain conditions are met. TEX. CODE CRIM. PROC. ANN. art. 55.01 (emphasis added). The statutory language contemplates expunging all of the records related to an arrest but makes no provision for expunging records related to an individual charge that resulted from an arrest. *See id*.; *see also Ex parte Vega*, 510 S.W.3d at 550 (interpreting article 55.01(a) in the same manner); *Schuetze*, 2019 WL 150650, at *4. Thus, when multiple charges stem from the same arrest, the petitioner must prove he meets the expunction requirements for every charge before any records of the arrest can be expunged. *G.B.E.*, 459 S.W.3d at 629. A person is "not entitled to have any arrest records expunged under article 55.01(a)(2) when (1) one or more charges result in a conviction (for that particular charge) and (2) *any* remaining charge is dismissed, but that dismissal results in a final conviction of any charge arising from the same arrest." *Id.*

As part of a plea agreement, Alfaro pleaded guilty to the felony possession of a controlled substance charge and the State dismissed the misdemeanor charges. Alfaro's arrest resulted in court-ordered community supervision for the possession of a controlled substance charge, and thus we conclude that expunction is not available as he failed to

7

meet the requirements of article 55.01(a). *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *In re G.B.E.*, 459 S.W.3d at 629.

We sustain the Department's first issue.[2]

## IV.   CONCLUSION

We reverse the trial court's order of expunction and render judgment denying Alfaro's petition for expunction regarding his arrest on December 20, 2009.

NORA L. LONGORIA
Justice

Delivered and filed the
8th day of August, 2019.

---

[2] Because we sustained the Department's first issue and concluded that Alfaro was not entitled to an expunction, we do not address its second issue. *See* TEX. R. APP. P. 47.1.